FILED
CLERK, U.S. DISTRICT COURT
5/27/16
CENTRAL DISTRICT OF CALIFORNIA
BY:   D. Goltz   DEPUTY

**POLSINELLI LLP**
Todd M. Malynn (CA Bar No. 181595)
Adam P. Daniels (CA Bar No. 296466)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone:   310.556.1801
Facsimile:   310.556.1802
Email:         tmalynn@polsinelli.com

*Attorneys for Plaintiffs*
HAND & NAIL HARMONY, INC.,
NAIL ALLIANCE, LLC

**ORIGINAL**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

HAND & NAIL HARMONY, INC., a California corporation, NAIL ALLIANCE, LLC, a Delaware corporation,

                    Plaintiffs,

          v.

ABC NAIL AND SPA PRODUCTS, a California business; GEL NAIL SUPPLY, a California business; VAL USA MANUFACTURER, INC. (a.k.a., Val Gel Polish Manufacture), a California corporation; VIP NAIL PRODUCT, INC., a California corporation; V&V BEAUTY SUPPLIES, a California business; NAIL LOUNGE LLC, a Nevada business; TODAY NAIL (a.k.a., Nails Today), a Nevada business; HOLLYWOOD BEAUTY SUPPLY, a Nevada business; MT BEAUTY SUPPLY, a South Carolina business; NAIL MARK'S, a Florida business; A&A NAIL SUPPLY, a Nebraska business; XUAN THI LAM; CHAU THI NGOC LE; ANH Q. LE; IRIS ZHEN; FELIX TSENG; CINDY TRINH; LINDSIDE PHẠM; BRYAN TRAN; HAI T. NGUYEN; BAO TOAN LE; and DOES 1 through 100, inclusive,

                    Defendants.

Case No.

**SACV16-00969 DOC(JEMx)**

**COMPLAINT FOR TRADEMARK INFRINGEMENT, COUNTERFEITING AND UNFAIR COMPETITION**

[Filed concurrently with Ex Parte Applications for TRO, Temporary Seal, and other equitable relief; Memoranda of Points and Authorities in support of the same; Declarations of GariDawn Tingler and Jim Phan; and Proposed Orders]

**FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116 (d)(8)**

LODGED
CLERK, U.S. DISTRICT COURT
MAY 26 2016
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

PAID
MAY 26 2016
Clerk, US District Court
COURT 4612

Polsinelli LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
310.556.1801

COMPLAINT

53165884.2

Plaintiffs Hand & Nail Harmony, Inc. ("Harmony") and Nail Alliance, LLC ("Nail Alliance") (collectively, "Plaintiffs"), by and through their attorneys, Todd M. Malynn and Adam P. Daniels of Polsinelli LLP, and for their Complaint against Defendants ABC Nail & Spa Products ("ABC Nail"), Gel Nail Supply ("Gel Nail"), Val USA Manufacturer, Inc. (a.k.a., Val Gel Polish Manufacture) ("Val USA"), VIP Nail Products, Inc. ("VIP Nail"), V & V Beauty Supplies ("V&V Beauty"), Nail Lounge LLC, Today Nail (a.k.a., Nails Today), Hollywood Beauty Supply ("Hollywood Beauty"), A & A Nail Supply ("A&A Nail"), MT Beauty Supply ("MT Beauty"), Nail Mark's III, Inc. (a.k.a. Nail Mark Nail Supply) ("Nail Mark"), Xuan Thi Lam, Chau Thi Ngoc Le, Anh Q. Le, Iris, Zhen, Felix Tseng, Cindy Trinh, Lindside Pham, Bryan Tran, Hai T. Nguyen, Bao Toan Le, and DOES 1 through 100, (collectively, "Defendants"), allege as follows:

## I.    JURISDICTION AND VENUE

1.    The causes of action in this Complaint arise under the Lanham Trademark Act, Title 15 U.S.C. § 1051 *et seq.*, and the common law.

2.    This Court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b), and supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

3.    This Court has personal jurisdiction over the Defendants, and each of them, pursuant to Code of Civ. Proc. § 410.10 because Defendants reside in California; have transacted substantial business in California; have brought, sold or solicited the sales of counterfeit products purporting to originate from California; have intentionally induced or enabled, or otherwise aided and abetted or conspired with others in the distribution of counterfeit products to, from or within California; have participated in distribution of counterfeit products, which distribution they knew would have, and has had, a substantial impact in California; and/or otherwise have sufficient contacts to California that give rise to the claims asserted herein,

53165884.2

such that it would fair and reasonable and consistent with the United States Constitution to exercise personal jurisdiction over the Defendants.

4.     Venue is proper in this Court pursuant 28 U.S.C. § 1391.

## II.   INTRODUCTION

5.     This case concerns the flagrant violation of Plaintiffs' intellectual property rights by Defendants' counterfeiting activities, which Plaintiffs have reason to believe originates from Garden Grove, Westminster and the City of Industry, and which has manifested itself in cities and states across the nation, including but not limited to Orlando, Florida, Las Vegas, Nevada, Taylor, South Carolina and Omaha, Nebraska. Defendants are actively engaged in manufacturing, distributing, selling, promoting and/or attempting to pass off counterfeit products and spurious imitations of Plaintiffs' GELISH® brand nail products. Defendants' counterfeit products are cheap, low-quality masquerades, which use and disparage Plaintiffs' registered trademarks and inherently distinctive trade dress. As a result, it is certain to deceive consumers and irreparably harm the goodwill and reputation earned by Plaintiffs and associated GELISH brand products.

## III.   PLAINTIFFS

6.     Harmony is a corporation duly organized under the laws of the State of California, with its principal place of business in Brea, California. Harmony manufactures, distributes and sells high-quality, soak-off gel polishes and other nail products, accessories and preparations under the brand name GELISH. Harmony, through its qualified distributors, sells GELISH brand goods to boutiques and salons in this Judicial District and throughout the world.

7.     Nail Alliance is a limited liability corporation duly organized under the laws of Delaware, with its principal place of business in Gladstone, Missouri. Nail Alliance owns and holds certain intellectual property rights used in connection with the GELISH goods, including federal registrations for GELISH brand trademarks. Nail Alliance exclusively licenses used of these trademarks to Harmony.

53165884.2

8.     Harmony's success in selling GELISH goods has increasingly attracted unscrupulous counterfeiters, such as Defendants.  These counterfeiters, anxious to capitalize on the high demand for GELISH goods, dupe consumers with false labeling into purchasing an ever expanding number of spurious products with backstreet quality and unknown origin.  Harmony spends a staggering amount of resources policing and enforcing its intellectual property rights to protect consumers and itself from the corrosive impact of such counterfeit activity.

## IV.   DEFENDANTS

9.     Defendant ABC Nail is a business of unknown origin located at 14841 Dillow Street, Westminster, California, 92683.  Counterfeit GELISH product was purchased from this distributor of nail supplies.  Upon information and belief, ABC Nail knowingly purchases, promotes, distributes, advertises, offers to sell, and/or sells counterfeit GELISH brand products.

10.    Defendant Gel Nail is a business of unknown origin located at 14014 Magnolia Street #105, Westminster, California 92683.  Counterfeit GELISH brand product was purchased from this distributor of nail supplies.  Upon information and belief, Gel Nail knowingly purchases, promotes, distributes, advertises, offers to sell, and/or sells counterfeit GELISH brand products.

11.    Defendant Val USA is a corporation organized under the laws of the State of California, with a stated address of 17008 Evergreen Pl., Unit #C, City of Industry, California 91745.  Upon information and belief, Val USA knowingly manufactures, promotes, distributes, advertises, offers to sell, and/or sells counterfeit GELISH brand products, and is related to, associated with, commonly owned by, and/or also known as Val Gel Polish Manufacture, which is located at 17005 Evergreen Place, Unit C, City of Industry, California, 91745.  There two names or entities are collectively referred to herein as "Val USA."  Val USA offered to manufacture and sell counterfeit GELISH brand products.

53165884.2

8.    Harmony's success in selling GELISH goods has increasingly attracted unscrupulous counterfeiters, such as Defendants. These counterfeiters, anxious to capitalize on the high demand for GELISH goods, dupe consumers with false labeling into purchasing an ever expanding number of spurious products with backstreet quality and unknown origin. Harmony spends a staggering amount of resources policing and enforcing its intellectual property rights to protect consumers and itself from the corrosive impact of such counterfeit activity.

## IV.    **DEFENDANTS**

9.    Defendant ABC Nail is a business of unknown origin located at 14841 Dillow Street, Westminster, California, 92683. Counterfeit GELISH product was purchased from this distributor of nail supplies. Upon information and belief, ABC Nail knowingly purchases, promotes, distributes, advertises, offers to sell, and/or sells counterfeit GELISH brand products.

10.    Defendant Gel Nail is a business of unknown origin located at 14014 Magnolia Street #105, Westminster, California 92683. Counterfeit GELISH brand product was purchased from this distributor of nail supplies. Upon information and belief, Gel Nail knowingly purchases, promotes, distributes, advertises, offers to sell, and/or sells counterfeit GELISH brand products.

11.    Defendant Val USA is a corporation organized under the laws of the State of California, with a stated address of 17008 Evergreen Pl., Unit #C, City of Industry, California 91745. Upon information and belief, Val USA knowingly manufactures, promotes, distributes, advertises, offers to sell, and/or sells counterfeit GELISH brand products, and is related to, associated with, commonly owned by, and/or also known as Val Gel Polish Manufacture, which is located at 17005 Evergreen Place, Unit C, City of Industry, California, 91745. There two names or entities are collectively referred to herein as "Val USA." Val USA offered to manufacture and sell counterfeit GELISH brand products.

12. Defendant VIP Nail is a business of unknown origin located at 12771 Pala Drive, Garden Grove, California 92841. Counterfeit GELISH brand product was sold by VIP Nail. Upon information and belief, VIP Nail knowingly manufactures, purchases, promotes, distributes, advertises, offers to sell, and/or sells counterfeit GELISH brand products.

13. Defendant V&V Beauty is a business of unknown origin located at 9713 Bolsa Avenue, Westminster, California 92683. Counterfeit GELISH product was purchased from V&V Beauty. Upon information and belief, V&V Beauty knowingly purchases, promotes, distributes, advertises, offers to sell, and/or sells the counterfeit GELISH brand products.

14. Defendant Nail Lounge LLC is a limited liability company located in Las Vegas, Nevada. Upon information and belief, Nail Lounge LLC is related to, associated with, commonly owned by, and/or also known as Nail 200 and/or Queen Nails. Together, Nail Lounge LLC, Nail 200 and Queen Nails will be collectively referred to as "Nail Lounge." Upon information and belief, Nail Lounge knowingly purchases, promotes, distributes, advertises, offers to sell, and/or sells the counterfeit GELISH brand products. Upon information and belief, Nail Lounge purchases, solicits, offers to sell or sells counterfeit GELISH brand products to and from persons and/or entities in Orange County, California. Upon information and belief, Nail Lounge is knowingly participating in counterfeiting activity that is having or which is designed to have substantial impact on business in California.

15. Defendant Today Nail is a corporation organized under the laws of the State of Nevada, with a stated address of 2487 East Tropicana Avenue, Las Vegas, Nevada 89121. Upon information and belief, Today Nail is related to, associated with, commonly owned by, and/or also known as Nails Today, located at the same address. Together, Today Nail and Nails Today will be collectively referred to as "Today Nail." Upon information and belief, counterfeit GELISH brand product was offered for sale by Today Nail. Upon information and belief, Today Nail

53165884.2

purchases, solicits, offers to sell or sells counterfeit GELISH brand products to and from persons and/or entities in Orange County, California. Upon information and belief, Nail Lounge is knowingly participating in counterfeiting activity that is having or which is designed to have substantial impact on business in California.

16.  Defendant Hollywood Beauty is a business of unknown origin, located at 4725 Spring Mountain Rd., Suite A, Las Vegas, Nevada 89102. Counterfeit GELISH brand product was purchased on Hollywood Beauty. Upon information and belief, Hollywood Beauty knowingly purchases, promotes, distributes, advertises, offers to sell, and/or sells the counterfeit GELISH brand products. Upon information and belief, Hollywood Beauty is knowingly participating in counterfeiting activity originating in California and/or that is having or which is designed to have substantial impact on business in California.

17.  Defendant A&A Nail is a corporation organized under the laws of the State of Nevada, with a stated address of 8902 Grant Street, Omaha, Nebraska 68134. Upon information and belief, A&A Nail knowingly manufacturers, purchases, promotes, distributes, advertises, offers to sell, and/or sells the counterfeit GELISH brand products. Upon information and belief, A&A Nail is knowingly participating in counterfeiting activity originating in California and/or that is having or which is designed to have substantial impact on business in California.

18.  Defendant MT Beauty is a business of unknown origin, located at 3245 B Wade Blvd., Taylor, South Carolina 29687. Counterfeit GELISH brand products were purchased from MT Beauty. Upon information and belief, MT Beauty knowingly purchases, promotes, distributes, advertises, offers to sell, and/or sells the counterfeit GELISH brand products. Upon information and belief, MT Beauty is knowingly participating in counterfeiting activity originating in California and/or that is having or which is designed to have substantial impact on business in California.

53165884.2

19.     Defendant Nail Mark is a Florida corporation with its principal place of business at 5070 West Colonial Drive, Orlando, Florida 32808. Nail Mark has sold counterfeit GELISH brand products. Upon information and belief, Nail Mark knowingly purchases, promotes, distributes, advertises, offers to sell, and/or sells the counterfeit GELISH brand products. Upon information and belief, Nail Mark is knowingly participating in counterfeiting activity originating in California and/or that is having or which is designed to have substantial impact on business in California.

20.     Upon information and belief, Defendant Chau Thi Ngoc Le is an owner of ABC Nail, located at 14841 Dillow Street, Westminster, California, 92683, has engaged in and/or is responsible for counterfeiting activity alleged herein, including but not limited to the counterfeiting activity of ABC Nail.

21.     Upon information and belief, Defendant Iris Zhen is a manager and chemist at Val USA, has engaged in and/or is responsible for counterfeiting activity alleged herein, including but not limited to the counterfeiting activity of Val USA.

22.     Upon information and belief, Defendant Anh Q. Le (a.k.a. "Mimi") is an owner, manager or agent of Gel Nail, has engaged in and/or is responsible for counterfeiting activity alleged herein, including but not limited to the counterfeiting activity of Gel Nail.

23.     Upon information and belief, Defendant Cindy Trinh is an owner, manager or agent of VIP Nail, has engaged in and/or is responsible for counterfeiting activity alleged herein, including but not limited to the counterfeiting activity of VIP Nail.

24.     Upon information and belief, Defendant Lindside Pham is an owner, manager or agent of VIP Nail, has engaged in and/or is responsible for counterfeiting activity alleged herein, including but not limited to the counterfeiting activity of VIP Nail.

53165884.2

25. Upon information and belief, Defendant Xuan Thi Lam is an owner, manager or agent at V&V Beauty, has engaged in and/or is responsible for counterfeiting activity alleged herein, including but not limited to the counterfeiting activity of V&V Beauty and ABC Beauty.

26. Upon information and belief, Defendant Bryan Tran is an owner, manager or agent of Nail Lounge, has engaged in and/or is responsible for counterfeiting activity alleged herein, including but not limited to the counterfeiting activity of Nail Lounge, V&V Beauty, and ABC Beauty.

27. Upon information and belief, Defendant Hai T. Nguyen (a.k.a. "Hi") is an owner, manager or agent of Today Nail, has engaged in and/or is responsible for counterfeiting activity alleged herein, including but not limited to the counterfeiting activity of Today Nail, V&V Beauty and ABC Beauty.

28. Upon information and belief, Defendant Bao Toan Le (a.k.a. "Toan") is an owner, manager, agent or partner of Today Nail and Hai Nguyen, has engaged in and/or is responsible for counterfeiting activity alleged herein, including but not limited to the counterfeiting activity of Today Nail, V&V Beauty and ABC Beauty.

29. Defendants Does 1-100 are business entities or individuals which, upon information and belief, reside in California, conduct business in California or with persons or entities connected to California, or conduct business designed to have and is having a substantial impact in California. Upon information and belief, Does 1-100 directly engage in the manufacture, promotion, distribution and/or sale of counterfeit and/or other spurious products as alleged herein as officers, directors, owners, partners, managing agents, suppliers, and/or otherwise acting in concert or participation with them, including but not limited to undertaking acts to aid and abet or in a conspiracy with the other Defendants. Plaintiffs are presently unaware of the true names of Does 1-100. Plaintiffs will amend this Complaint upon discovery of the identities of such fictitious Defendants. All of the named and "Doe" Defendant are collectively referred to herein as "Defendants."

53165884.2

# V.   GENERAL ALLEGATIONS

## A.   HARMONY'S GELISH BRAND GEL POLISH

30.   GELISH brand products, including gel polishes and other nail care preparations, are known throughout the nail industry for their high quality, range of colors, durability, ease-of-use, consistency and beauty.

31.   Plaintiffs' principal, Danny Haile, invented the first brush-on, soak-off gel polish, which began selling in earnest in 2010 under the federally registered trademark name "GELISH".  GELISH brand products have the benefits of both a traditional nail polish (vibrant colors and a brush on application and finish) and a hard gel (long lasting wear).  GELISH brand products are a leader in the gel polish industry in both the United States and around the world.

32.   GELISH brand products revolutionized the nail industry.  Prior to advent of Mr. Haile's first brush-on, soak-off gel polish, consumers generally frequented salons on select occasions for pampering or professional treatment, not for application of nail polish, which they could apply at home.  Further, because nail polish only lasted a few days before chipping or cracking, it was relatively expensive for consumers to frequent a salon just for nail polish.  Moreover, although salons offered alternative and longer lasting products such as acrylics or hard-gels, consumers generally preferred the natural look of a conventional nail polish.  This practical reality was an impediment to salon business.

33.   GELISH brand products provided salons and professional nail technicians alike new opportunities to grow their businesses/services.  With the introduction of GELISH brand products, consumers could now frequent salons and obtain a natural, nail-polish look *with a finish that would last three to four weeks*. GELISH brand products substantially increased salon business and have experienced tremendous commercial success.  Plaintiffs have sold millions of bottles of their GELISH band gel polish, foundation and top coat in the United

53165884.2

States and around the world. Consumers recognize GELISH brand products by their trademarks and distinctive trade dress of GELISH brand bottles.

34. The GELISH mark is protected by multiple federal trademark registrations, including United States Trademark Registration Nos. 4,096,115 (GELISH standard character mark) and 3,857,946 (GELISH design plus words) for use in nail care preparations. Copies of the GELISH marks certificates of registration are set forth at Exhibit "1" to this Complaint.

35. The GELISH design, which includes a unique three-dimensional configuration and scrollwork pattern, is also protected by federal United States Trademark Registration Nos. 4,473,557 and 4,473,558. Copies of these design marks certificates of registration are set forth at Exhibit "2" to this Complaint.

36. Harmony further distinguishes its products with artistic and visually beautiful bottle designs and ornamentation ("GELISH brand bottle"). In particular, Harmony's GELISH brand bottle has clean lines, distinctive scroll artwork on a white background and features the dominant GELISH marks, as illustrated below in FIGURE 1. These unique and inherently distinctive features of the GELISH brand bottle are protected as a trade dress under both state and federal law.

 

**FIGURE 1: GENUINE GELISH FOUNDATION & TOP COAT**

37. The distinctive appearance of the GELISH brand bottle, taken as a whole, is unique and non-functional. Since its inception, Harmony has extensively

and continuously promoted and used this design for GELISH brand bottles in the United States and worldwide.  Through Harmony's extensive and continuous use and promotion, the distinctive features of the GELISH brand bottle now serve as a well-known indicator of the origin and quality of GELISH brand goods and have acquired secondary meaning.  Collectively, the preceding federally registered and common law GELISH trademarks, design marks, and trade dress are collectively referred to herein as the "GELISH marks."

38.   Nail Alliance owns the GELISH marks.

39.   Pursuant to an exclusive license agreement with Nail Alliance, Harmony has the exclusive, worldwide right to use the GELISH marks and GELISH brand bottles.

40.   Harmony has at all times relevant to this Complaint been the exclusive licensee of all rights in and to the GELISH marks and GELISH brand bottles.

41.   The GELISH marks and GELISH brand bottles are symbols of the quality of Harmony and Nail Alliance, and of their reputation and goodwill, and they have never been abandoned.

42.   Over a period of years, Harmony invested and continues to invest substantial time, money and other resources widely promoting the GELISH brand goods and the GELISH brand bottles in the United States and throughout the world.

43.   As a result of Harmony's efforts, members of the consuming public readily identify and associate the GELISH marks and GELISH brand bottles with high quality sponsored and approved by Harmony.  The GELISH marks and GELISH brand bottles achieved secondary meaning as identifiers of high quality nail products.

44.   GELISH brand goods are widely and legitimately promoted by Harmony on the Internet and in numerous industry publications and trade shows, as well as by authorized GELISH brand goods distributors.  Upon information and

1 belief, the GELISH marks qualify as "famous" as that term is used in 15 U.S.C.

2 § 1125 (c)(1).

3     45.   Plaintiffs monitor and police the use of the GELISH marks and bottle.

4     46.   Harmony has given notice, including to Defendants, pursuant to 15

5 U.S.C. § 1111 by marking GELISH goods with the ® symbol to notify others that

6 the GELISH mark is the subject of federal trademark registrations.

7     47.   The GELISH marks and bottle have never been assigned or licensed

8 to any of the Defendants in this matter.

9 **B.   THE DEFENDANTS' COUNTERFEITING ACTIVITIES**

10     48.   Defendants are manufacturing, purchasing, promoting, distributing,

11 advertising, offering to sell, selling and/or palming off counterfeit GELISH brand

12 products throughout the United States.

13     49.   Defendants have full knowledge of Harmony's exclusive rights in and

14 to the GELISH marks and bottle, including its exclusive right to use the GELISH

15 marks and trade dress and the goodwill associated therewith.

16     50.   The infringing products sold by counterfeiters such as Defendants are

17 virtually identical in appearance in material respects to genuine GELISH brand

18 goods. Defendants use the GELISH marks in the same stylized fashion, but for

19 cheaper and lower quality goods, without Harmony's quality control and customer

20 service, in bottles with false and misleading labeling. Defendants also use a

21 virtually identical trade dress on a counterfeit GELISH brand bottle, which includes

22 the same or substantially similar artwork, bottle and bottle designs, fonts, names

23 and script, as well as fraudulent item codes, item numbers, and UPC codes.

24     51.   FIGURES 2-3, below, illustrate genuine GELISH brand products and,

25 by comparison, a counterfeit product. Figure 2 particularly illustrates a front view

26 of a genuine GELISH brand foundation (FOUNDATION) (left) and a counterfeit

27 product (right). Figure 3 illustrates a front view of a genuine GELISH brand top

28 coat (TOP IT OFF) (left) and a counterfeit product (right).



**FIGURE 2: FRONT VIEW OF GENUINE GELISH PRODUCT (FOUNDATION) NEXT TO EXAMPLE COUNTERFEIT PRODUCT**

**FIGURE 3: FRONT VIEW OF GENUINE GELISH PRODUCT (TOP IT OFF) NEXT TO EXAMPLE COUNTERFEIT PRODUCT**

52.     As Figures 2-3 demonstrate, Defendants are manufacturing, promoting, distributing, advertising, selling and/or passing off counterfeit product, shown by the side-by-side comparison images, which illustrate counterfeit products containing identical and/or substantially similar designs and markings, including bottle design, labeling, stylized font, similar grey scrollwork highlights, floral

---

53165884.2

backgrounds, color, tone, writings, and the like, with the goal being to be indistinguishable in appearance from genuine GELISH brand products.

53. Defendants are manufacturing, promoting, distributing and/or selling product in bottles with false labeling of the contents and origin of the products, as well as fabricated identification codes.

54. Upon information and belief, Defendants are using the GELISH marks and GELISH brand bottles to sell cheap, inferior goods to mimic Plaintiffs' goods. The health effects of such products are unknown to Plaintiffs, and they may well present a danger to the health and safety of the consuming public.

55. Despite the nature of their counterfeit products and knowledge they are without authority to promulgate the same, Defendants are actively manufacturing, using, promoting, selling and/or otherwise advertising, distributing, and/or offering for sale substantial quantities of their counterfeit product with the knowledge that it will be mistaken for the genuine high quality genuine GELISH brand products offered for sale by Harmony.

56. Defendants' actions are designed to cause, and are causing, for profit actual confusion among consumers, including both end users and nail technicians, who are led to believe, and believe, and who will continue to believe, that they have purchased or have received, or are receiving, genuine GELISH brand products that originate from and are approved and supported by Harmony.

57. Plaintiffs are suffering irreparable harm due, not only to consumer confusion, but also to, *inter alia,* the cheap/poor quality of the counterfeit product, the lack of quality control and custom support thereof, the loss of control over Plaintiffs' GELISH marks and the reputation of GELISH products, and the ongoing disparagement and diminution of the goodwill associated with the GELISH brand.

58. Defendants' wrongful conduct has caused Plaintiffs damages, the full amount of which will be difficult to calculate, but is no less than $2 million.

53165884.2

59.     Since the acts of Defendants will continue in the future unless enjoined and restrained, Plaintiffs have no adequate remedy at law.

60.     Plaintiffs have satisfied any and all conditions to the filing of this action and/or any such conditions have been waived.

## COUNT ONE

### (Against All Defendants)

### TRADEMARK INFRINGEMENT AND COUNTERFEITING IN VIOLATION OF 15 U.S.C. §§ 1114, 1116(d)

61.     Plaintiffs repeat and re-allege the allegations in paragraphs 1 to 60 above as if fully set forth herein.

62.     Defendants knowingly and without the consent of Plaintiffs have used in commerce reproductions, counterfeit copies, identical products and packaging, and nearly identical imitations of multiple registered marks of Plaintiffs, in connection with the sale, offering for sale, distribution, and/or advertising of goods, which is likely to cause confusion, cause mistake, or to deceive.

63.     Notwithstanding Plaintiffs' well-known and prior rights in the GELISH marks and the GELISH goods, Defendants manufacture, distribute, promote, offer for sale and/or sell counterfeit product in direct competition with the sale of genuine GELISH products in or affecting interstate commerce.

64.     Without prejudice to the generality of the foregoing, Defendants' violations consist of or include the use of counterfeit marks in connection with the sale, offering for sale, and/or distribution of counterfeit product.

65.     Defendants' activities constitute counterfeiting and intentional, willful infringement, in violation of Plaintiffs' rights under 15 U.S.C. § 1114, and have caused and will continue to cause Plaintiffs irreparable harm.

66.     Plaintiffs have no adequate remedy at law as monetary damages are inadequate to compensate Plaintiffs for the injuries caused by Defendants.

53165884.2

67.    Unless immediately restrained and enjoined by this Court under 15 U.S.C. § 1116(a) and (d) and the equitable powers of this Court, Defendants will persist in their activities and continue to cause Plaintiffs irreparable harm.

68.    Plaintiffs are entitled to injunctive relief, including the seizure of counterfeit goods.

69.    Plaintiffs have been damaged, including lost profits, according to proof at trial, but in an amount of no less than two million dollars.

70.    In addition, and/or in the alternative, Plaintiffs are entitled to disgorge and recover Defendants' profits from their sales of counterfeit product.

71.    Because of Defendants' counterfeiting, willful, malicious and/or fraudulent misconduct, and/or because of the exceptional nature of this case, Plaintiffs are entitled to enhanced (or treble) damages as well as an award of costs and reasonable attorneys' fees.

72.    At Plaintiffs' election, in lieu of the forgoing, Plaintiffs should be awarded statutory damages from each Defendant in an amount no more than two million dollars ($2,000,000.00) per each counterfeit GELISH mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

## COUNT TWO

### (Against All Defendants)

### FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTIONS, UNFAIR COMPETITION AND DILUTION UNDER 15 U.S.C. § 1125

73.    Plaintiffs repeat and re-allege the allegations in paragraphs 1 to 60 above as if fully set forth herein.

74.    Defendants knowingly and without the consent of Plaintiffs have used in commerce reproductions, counterfeit copies, identical products and packaging, and nearly identical imitations of multiple registered marks of Plaintiffs, in connection with the sale, offering for sale, distribution, and/or advertising of goods, which is likely to cause confusion, cause mistake, or to deceive.

53165884.2

75.     Notwithstanding Plaintiffs' well-known and prior rights in the GELISH marks and the GELISH goods, Defendants manufacture, distribute, promote, offer for sale and/or sell counterfeit product in direct competition with the sale of genuine GELISH products in or affecting interstate commerce.

76.     Without prejudice to the generality of the foregoing, Defendants' violations consist of or include the use of counterfeit marks in connection with the sale, offering for sale, and/or distribution of counterfeit product.

77.     The counterfeit product trafficked by Defendants are designed to look like the same nature and type of product as GELISH brand goods—a brand exclusively licensed to Harmony.  The counterfeit bottles so closely resemble GELISH brand goods that Defendants' activities are likely to, and are certainly intended to, cause confusion of among consumers (both end-users and nail technicians), and have caused actual confusion in the marketplace.

78.     By misappropriating and using the GELISH marks, Defendants misrepresent and falsely describe the content, origin and source of the counterfeit product in addition to creating a likelihood of and causing actual confusion.

79.     Moreover, the counterfeit product is generally of inferior quality, lacks the same quality control and customer support as authentic GELISH products, and the sale thereof will necessarily damage and dilute the goodwill of Plaintiffs and the GELISH brand, as well as the reputation Harmony and Nail Alliance have developed in connection with the sale of genuine GELISH brand products.

80.     Defendants' unlawful, unauthorized and unlicensed manufacture, promotion, distribution, offer for sale, and sale of counterfeit product creates the express and implied misrepresentation that the counterfeit product was created, authorized, approved and/or supported by Plaintiffs.

81.     Defendants' activities violate 15 U.S.C. § 1125(a) in that Defendants' use in commerce of the GELISH marks, trade dress and/or bottle, create a false designation of origin.  Defendants' use, manufacture, promotion, distribution, offers

53165884.2

to sell, selling, and importing into the United States counterfeit product that is confusingly similar to the GELISH marks, the bottle and trade dress infringes Plaintiff's exclusive rights in violation of the Lanham Act and common law.

82.    Defendants' acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiffs' trademark and trade dress rights, business, reputation and goodwill.

83.    Plaintiffs' have no adequate remedy at law.

84.    Plaintiffs are entitled to injunctive relief, including the seizure of counterfeit goods.

85.    Plaintiffs have been damaged according to proof at trial but in an amount of no less than two million dollars.

86.    Defendants' use of colorable imitations of the GELISH brand bottle has been intentional and willful. Defendants' bad faith is evidenced at least by the striking similarity of the counterfeit product to the GELISH brand bottle. Additionally, the use of identical scroll artwork, an identical color scheme, identical names and fonts, and identical packaging, including fabricated item codes, also demonstrate the intentional and willful nature of Defendants' actions.

87.    Because of Defendants' counterfeiting, willful, malicious and/or fraudulent misconduct, and/or because of the exceptional nature of this case, Plaintiffs are entitled to enhanced (or treble) damages as well as an award of costs and reasonable attorneys' fees.

88.    In lieu of the forgoing, Plaintiffs should be entitled to seek and/or awarded statutory damages from each Defendant in an amount no more than two million dollars ($2,000,000.00) per each counterfeit GELISH mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

53165884.2

## COUNT THREE

### (Against all Defendants)

### UNFAIR COMPETITION (BUS. & PROF. CODE § 17200)

89.     Plaintiffs repeat and re-allege the allegations in paragraphs 1 to 60 above as if fully set forth herein.

90.     Defendants' wrongful conduct alleged herein constitutes an unlawful, fraudulent and/or unfair act(s) or practice(s) within the meaning of California's Unfair Competition Law (Bus. & Prof. Code § 17200).

91.     Defendants' wrongful conduct has cause Plaintiffs to suffer a loss of money or property within the meaning of the statute.

92.     Defendants' wrongful conduct has caused, and is causing, Plaintiffs' to suffer irreparable harm.

93.     Plaintiffs have no adequate remedy at law.

94.     Unless immediately restrained and enjoined by this Court, Defendants will persist in their activities, which should be enjoined.

95.     Plaintiffs' pray for all equitable relief the Court determines is appropriate, including but not limited to injunctive relief.

### PRAYER FOR RELIEF

1.     WHEREFORE, Plaintiffs demand judgment on all Counts of this Complaint and entry of an award of  monetary and equitable relief against Defendants as follows:

A.     That Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert or participation with them, be temporarily, preliminarily and permanently enjoined in this and all other Judicial Districts of the United States from: (i) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the trademarks, logos and other indicia of the GELISH mark or any colorable variation or imitation thereof without first obtaining relief from the

53165884.2

1    Court or Plaintiffs' express written consent; and (ii) representing that any products,
2    merchandise or goods manufactured, distributed, sold, held for sale or advertised by
3    them is sponsored or authorized by Harmony and/or Nail without first obtaining
4    relief from the Court or Plaintiffs' express written consent.

5            B.     That the United States Marshal, the United States Constable,
6    and/or the local or state police or sheriff, or off duty officers of the same, along
7    with authorized agents of Plaintiffs and/or any persons acting under their
8    supervision, to seize and impound at the specified addresses of the Defendants
9    herein or other verified locations when the order issues: (a) any and all counterfeit
10   products that Defendants possess or attempt to advertise, promote, sell, distribute or
11   hold for sale, whether or not in the process of manufacture or delivery, (b) any and
12   all labels, packages, wrappings, receptacles and advertising collateral, the use of
13   which in commerce would constitute trademark infringement and violate the
14   injunction, and (c) any and all evidence of the counterfeiting activity, including but
15   not limited to financial records, business records, shipping records, purchase orders,
16   invoices, computers, surveillance recordings, and any other evidence of
17   wrongdoing whether held in electronic or physical format.

18           C.     That Defendants, pursuant to 15 U.S.C. § 1118, and within
19   seven days of the date of entry of an injunction and notice of the order, deliver up
20   for testing, preservation or destruction (a) any and all counterfeit products that
21   Defendants possess or attempt to advertise, promote, sell, distribute or hold for sale,
22   whether or not in the process of manufacture or delivery, (b) any and all labels,
23   packages, wrappings, receptacles and advertising collateral, the use of which in
24   commerce would constitute trademark infringement and violate the injunction, and
25   (c) any and all evidence of the counterfeiting activity, including but not limited to
26   financial records, business records, shipping records, purchase orders, invoices,
27   computers, surveillance recordings, and any other evidence of wrongdoing whether
28   held in electronic or physical format.

53165884.2

D.     That Defendants be required to account for all products acquired and sold for the last year and any other relevant time period, and pay Plaintiffs for all profits and damages resulting from Defendants' trademark infringing and counterfeiting activities, and that the award to Plaintiffs be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiffs' election with respect to Count I, that Plaintiffs be awarded statutory damages from each Defendant in an amount no more than two million dollars ($2,000,000.00) per each counterfeit GELISH mark used and product sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

E.     That Defendants be made jointly and severally liable to Plaintiffs, and pay to Plaintiffs damages in an amount to be determined, but no less than $2 million in compensatory damages.

F.     That Defendants pay to Plaintiffs punitive damages.

G.     That Defendants pay to Plaintiffs pre-judgment interest.

H.     That Defendants pay to Plaintiffs their costs, reasonable attorney's fees, and investigative fees.

I.     Such other and further relief as this Court deems just and proper.


Dated: May 25, 2016                          Respectfully submitted,


                                              **POLSINELLI LLP**


                                              By:  Todd M. Malynn, Esq.

                                              *Attorneys for Plaintiffs*
                                              HAND & NAIL HARMONY, INC.,
                                              NAIL ALLIANCE, LLC


21
COMPLAINT

53165884.2