1  JUSTIN LEDDEN (STATE BAR # 250144)
   LEDDEN LAW OFFICE
2  633 W 5th St, Los Angeles, CA 90071
   Telephone: 213-880-3387
3  Email: justin@leddenlaw.com

4  Attorney for Defendant JC SUPPLY, LLC

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAND & NAIL HARMONY, INC., a California corporation, and NAIL ALLIANCE, LLC, a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ABC NAIL AND SPA PRODUCTS, CHAU THI NGOC LE, GEL NAIL SUPPLY, LLC, ANH Q. LE (a.k.a. Mimi), VAC USA MANUFACTURER. INC. (d.b.a. Val Gel Polish Manufacturer), IRIS ZHEN, VIP NAIL PRODUCTS, INC., CINDY TRINH, LINDSIDE PHAM, V&V BEAUTY SUPPLIES, XUAN THI LAM, KMB NAILS & BEAUTY PRODUCTS, INC., CT TRADING, INC., JACKIE BEAUTY SUPPLY, NAIL MAXX PRODUCTS, INC., KASHI BEAUTY SUPPLY, NAILSLOUNGE, LLC., CALI BEAUTY SUPPLY, INC. (d.b.a., CALNAILSUPPLY.COM), BRYAN TRAN, TODAY NAILS (a.k.a.. Nails Today, LLC), HAI T. NGUYEN, BAO TOAN LE (a.k.a, Toan), DL BEAUTY SUPPLY, LLC (d.b.a.. Hollywood Beauty Supply), DERICK Q. LUU, (a.k.a.. Tony), DIRECT BEAUTY SUPPLY. LLC, RYAN DO (a.k.a.. Jimmy), U.S. MAXIM NAIL SUPPLY CORPORATION, U.S. MAXIM NAIL SUPPLY OUTLET. INC., QUALITY BEAUTY & NAILS SUPPLY. INC., A&A NAIL SUPPLY. INC., DANNY TRAN, NAILMARK'S III. INC., MT BEAUTY SUPPLY, JC SUPPLY. INC., KHUONG LIEN PHAN, ABUBACAR NESSE'R (a.k.a., Tony),FLEX NAILS & BEAUTY | Civil Action File No: SACV16-00969 DOC(JEMx) <br><br> **DEFENDANT JC NAIL SUPPLY, LLC's MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A

SUPPLY(a.k.a.. Nail & Beauty Super Store),
and DOES 1 through 100. inclusive.

Defendants,

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Pursuant to Rule 12 (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, Defendant JC Supply, LLC ("Defendant JC"), by and through undersigned counsel, hereby moves this court to dismiss the Complaint of Plaintiffs for lack of personal jurisdiction over the Defendant JC who is Georgia limited liability company that lacks minimum contacts with the State of California. Pursuant to Federal Rule 12 (b)(6), Defendant further moves this Court to dismiss Plaintiffs' claims as to participation in trademark infringement, unfair competition and RICO in that they fail to state a claim upon which relief can be granted as follows:

**I. THE COMPLAINT SHOULD BE DISMISSED DUE TO A LACK OF PERSONAL JURISDICTION.**

To maintain the instant action against Defendant, the Court must have personal jurisdiction over Defendant, and venue must be proper in this Court. Plaintiffs have the burden of establishing that jurisdiction exists. *See* AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1986). To survive a motion to dismiss based on lack of jurisdiction, plaintiff is required to make a prima facie showing of jurisdiction. *See* Ziegler v. Indian River County, 64 F.3d 470, 473

(9th Cir. 1995).

It is well-settled that a state may assert personal jurisdiction over a nonresident defendant only to the extent allowed by the Due Process Clause. *See* Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 413-14 (1984) (*citing* Pennoyer v. Neff, 95 U.S. 714 (1878)). Due process, in turn, requires that a defendant have certain minimum contacts with the forum state, so that the defendant has fair warning of the possibility of suit in a foreign jurisdiction, and may reasonably anticipate being forced to defend itself there. *See id. at 414*; International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). The minimum contacts requirement may be met in two ways: through general jurisdiction, requiring that the defendant has conducted "substantial, or continuous and systematic," activities within the forum state, Omeluk, 52 F.3d at 270; or through specific jurisdiction, requiring that the controversy have arisen out of defendant's actions within the forum state, *see id.* Attenuated contacts with the forum state are not sufficient to show purposeful availment. *See* Omeluk, 52 F.3d at 270. Instead, "the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." Sinatra v. National Enquirer, 854 F.2d 1191, 1195 (9th Cir. 1988). Such conduct must be specifically "aimed at, and having effect in, the situs state." Ziegler, 64 F.3d at 473. As the Supreme Court has held, "[F]inancial benefits accruing to the defendant from a

- 3 -

collateral relation to the forum State will not support jurisdiction if they do not stem from a constitutionally cognizable contact with that State." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 299 (1980)

In this case, JC Supply, LLC is a small nail salon located in Gwinnett County, Georgia. It clearly does not have "substantial, or continuous and systematic" contacts with the state of California. Similarly, Defendant JC has taken no action within the State of California that would authorize specific jurisdiction. For these reasons, Plaintiffs' complaint and first amended complaint against Defendant JC should be dismissed.

**II. THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This standard does not rise to the level of a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully. . . ." Id. In keeping with Twombly, the Supreme Court held in Iqbal that "[w]here a complaint pleads facts that are merely consistent

- 4 -

with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (citation and internal quotation marks omitted).

All five counts of Plaintiffs' complaint should be dismissed because they contains a series of threadbare allegations and conclusory statements. For example in paragraph 46 of the complaint, Plaintiffs state:

> **Many, if not all or most**, of the aforementioned Defendants know the true nature and scope of the unlawful counterfeiting activity, the purposes of which is to buy and sell cheap, low-quality nail products from China in the United States and or have been willfully blind to the same, including because of the discounted prices at which counterfeit GELISH® brand products have been purchased, sold and offered for sale, individually and in sets or boxes of products."(emphasis added).

This paragraph begs a number of questions. 1) Which Defendants are part of the "Many, if not all or most"? and 2) Which Defendants are not part of the "Many, if not all or most"? The entire complaint is devoid of any specific allegations. In fact, throughout the rest of the complaint the thirty-nine (39) named Defendants and the one hundred (100) Doe Defendants are treated as one entity. Plaintiffs have failed to make any specific allegations against any of the Defendants, individually. This complete lack of precision is exactly what the opinions in Iqbal and Twombly seek to eliminate. Iqbal and Twombly demand "more than a sheer possibility that a defendant has acted unlawfully" Id. Similarly, with respect to the RICO cause of action, Plaintiffs have not alleged sufficient facts explaining who it believes participated in the conspiracy, and what the alleged co-conspirators actually agreed to do in violation of the law.

WHEREFORE, Defendant JC Supply respectfully demands that Plaintiff's Complaint be dismissed pursuant to Rule 12 (b)(2), (b)(3), and (b)(6) of the Federal Rules of Civil Procedure.

This the 11th day of July, 2016.

/s/ Justin E. Ledden
Justin E. Ledden
Attorney for Defendant JC Supply, LLC
California Bar No. 250144

Ledden Law Office
633 W 5th St Fl 26
Los Angeles, CA 90014
(213) 880-3387
justin@leddenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2013, I electronically filed the foregoing MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system. Counsel for Plaintiffs is a registered CM/ECF user and will be served by the CM/ECF system.

This the 11th day of July, 2016.

/s/ Justin E. Ledden
Justin E. Ledden
Attorney for Defendant JC Supply, LLC
California Bar No. 250144

Ledden Law Office
633 W 5th St Fl 26
Los Angeles, CA 90014
(213) 880-3387
justin@leddenlaw.com