JUSTIN LEDDEN (STATE BAR # 250144)
LEDDEN LAW OFFICE
633 W 5th St, 26th Floor,
Los Angeles, CA 90071
Telephone:  213-880-3387
Email:  justin@leddenlaw.com

Attorney for Defendant JC SUPPLY, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HAND & NAIL HARMONY, INC., a California corporation, and NAIL ALLIANCE, LLC, a Delaware corporation, | * * * * | Civil Action File No: 8:16-cv-00969-DOC-JEM |
| Plaintiffs, | * * | **DEFENDANT JC SUPPLY, LLC's NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |
| v. | * * * * | |
| ABC NAIL AND SPA PRODUCTS, CHAU THI NGOC LE, GEL NAIL SUPPLY, LLC, ANH Q. LE (a.k.a. Mimi), VAC USA MANUFACTURER. INC. (d.b.a. Val Gel Polish Manufacturer), IRIS ZHEN, VIP NAIL PRODUCTS, INC., CINDY TRINH, LINDSIDE PHAM, V&V BEAUTY SUPPLIES, XUAN THI LAM, KMB NAILS & BEAUTY PRODUCTS, INC., CT TRADING, INC., JACKIE BEAUTY SUPPLY, NAIL MAXX PRODUCTS, INC., KASHI BEAUTY SUPPLY, NAILSLOUNGE, LLC., CALI BEAUTY SUPPLY, INC. (d.b.a., CALNAILSUPPLY.COM), BRYAN TRAN,   TODAY NAILS (a.k.a.. Nails Today, LLC), HAI T. NGUYEN, BAO TOAN LE (a.k.a, Toan), DL BEAUTY SUPPLY, LLC (d.b.a.. Hollywood Beauty Supply), DERICK Q. LUU, (a.k.a.. Tony), DIRECT BEAUTY SUPPLY. LLC, RYAN DO (a.k.a.. Jimmy), U.S. MAXIM NAIL SUPPLY CORPORATION, U.S. MAXIM NAIL SUPPLY OUTLET. INC.,  QUALITY BEAUTY & NAILS SUPPLY. INC., A&A NAIL SUPPLY. INC., DANNY TRAN, NAILMARK'S III. INC., MT BEAUTY | * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | DATE: August 22, 2016 TIME: 8:30 a.m. JUDGE: Hon. David O. Carter CTRM: 9D |

1  SUPPLY, JC SUPPLY. INC., KHUONG     *
   LIEN PHAN, ABUBACAR NESSE'R         *
2  (a.k.a., Tony),FLEX NAILS & BEAUTY  *
   SUPPLY(a.k.a.. Nail & Beauty Super Store),*
3  and DOES 1 through 100. inclusive.  *
                                       *
4  Defendants,                         *

5

6  TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

7         NOTICE IS HEREBY GIVEN THAT on August 22, 2016 at 8:30 a.m.,

8

9  before the Honorable David O. Carter, in Courtroom 9D of the United States

10 Courthouse of the United States Courthouse for the Central District of California,

11
   Southern Division, 411 West 4th Street, Santa Ana, California, Defendant JC
12

13 Supply, LLC ("JCS"), will and hereby does move the Court to dismiss the First

14 Amended Complaint (Docket #25), in its entirety for lack of personal jurisdiction

15
   over JCS,  pursuant to Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil
16

17 Procedure; and for failure to state a claim upon which relief may be granted under

18 12(b)(6) of the Federal Rules of Civil Procedure.

19
          As set forth in the accompanying Memorandum of Points and Authorities,
20

21 there is good cause for the relief requested.  JCS clearly does not have the required

22 "substantial, or continuous and systematic" contacts with the state of California,

23
   and has taken no action within the State of California that would authorize specific
24

25 jurisdiction in this court.  Further, especially when read in the context of JCS's

26 liability, all five claims in Plaintiffs' complaint should be dismissed because they

27
28 contain a series of threadbare allegations and conclusory statements. This Motion is

based on this Notice of Motion and Motion; the accompanying Memorandum of

Points and Authorities; the pleadings and papers filed in this action; and such

further argument and matters as may be offered at the time of the hearing of this

Motion.

This the 14th day of July, 2016.

/s/ Justin E. Ledden
Justin E. Ledden
Ledden Law Office
Attorney for Defendant JC Supply, LLC

## **MEMORANDUAM OF POINTS AND AUTHORITIES**

Pursuant to Rule 12 (b)(2) and (b)(3) of the Federal Rules of Civil

Procedure, Defendant JCS, by and through undersigned counsel, hereby moves this

court to dismiss the Complaint of Plaintiffs for lack of personal jurisdiction over the

Defendant JCS who is Georgia limited liability company that lacks minimum

contacts with the State of California.  Pursuant to Federal Rule 12 (b)(6), Defendant

JCS further moves this Court to dismiss Plaintiffs' claims as to participation in

trademark infringement, unfair competition and RICO in that they fail to state a

claim upon which relief can be granted as follows:

**I. The Complaint Should Be Dismissed Due To A Lack Of Personal Jurisdiction.**

To maintain the instant action against Defendant, the Court must have

personal jurisdiction over Defendant, and venue must be proper in this Court.

Plaintiffs have the burden of establishing that jurisdiction exists. *See* AT&T v.

Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1986).  To survive a

motion to dismiss based on lack of jurisdiction, plaintiff is required to make a prima

facie showing of jurisdiction.  *See* Ziegler v. Indian River County, 64 F.3d 470, 473

(9th Cir. 1995).

It is well-settled that a state may assert personal jurisdiction over a

nonresident defendant only to the extent allowed by the Due Process Clause. *See*

Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 413-14 (1984) (*citing*

Pennoyer v. Neff, 95 U.S. 714 (1878)). Due process, in turn, requires that a

defendant have certain minimum contacts with the forum state, so that the

defendant has fair warning of the possibility of suit in a foreign jurisdiction, and

may reasonably anticipate being forced to defend itself there. *See id. at 414*;

International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); Omeluk v.

Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). The minimum

contacts requirement may be met in two ways: through general jurisdiction,

requiring that the defendant has conducted "substantial, or continuous and

systematic," activities within the forum state, Omeluk, 52 F.3d at 270; or through

specific jurisdiction, requiring that the controversy have arisen out of defendant's

actions within the forum state, *see id.*  Attenuated contacts with the forum state are

not sufficient to show purposeful availment. *See* Omeluk, 52 F.3d at 270. Instead,

"the defendant must have performed some type of affirmative conduct which allows

or promotes the transaction of business within the forum state." Sinatra v. National

<u>Enquirer</u>, 854 F.2d 1191, 1195 (9th Cir. 1988). Such conduct must be specifically "aimed at, and having effect in, the situs state." <u>Ziegler</u>, 64 F.3d at 473.  As the Supreme Court has held, "[F]inancial benefits accruing to the defendant from a collateral relation to the forum State will not support jurisdiction if they do not stem from a constitutionally cognizable contact with that State." <u>World-Wide Volkswagen Corp. v. Woodson</u>, 444 U.S. 286, 299 (1980)

In this case, JCS is a small nail salon located in Gwinnett County, Georgia.  It clearly does not have "substantial, or continuous and systematic" contacts with the state of California.  Similarly, JCS has taken no action within the State of California that would authorize specific jurisdiction.  For these reasons, Plaintiffs' complaint and first amended complaint against Defendant JCS  should be dismissed.

**II. The Complaint Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted.**

A complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007) "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  This standard does not rise to the level of a

probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully. . . ." <u>Id.</u>  In keeping with <u>Twombly</u>, the Supreme Court held in <u>Iqbal</u> that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." <u>Id.</u> (citation and internal quotation marks omitted).

All five claims in Plaintiffs' complaint should be dismissed because they contains a series of threadbare allegations and conclusory statements.   For example in paragraph 46 of the complaint, Plaintiffs state:

> **Many, if not all or most**, of the aforementioned Defendants know the true nature and scope of the unlawful counterfeiting activity, the purposes of which is to buy and sell cheap, low-quality nail products from China in the United States and or have been willfully blind to the same, including because of the discounted prices at which counterfeit GELISH® brand products have been purchased, sold and offered for sale, individually and in sets or boxes of products."(emphasis added).

This paragraph begs a number of questions.  1) Which Defendants are part of the "Many, if not all or most"? and 2) Which Defendants are not part of the "Many, if not all or most"?  The entire complaint is devoid of any specific allegations.  In fact, throughout the rest of the complaint the thirty-nine (39) named Defendants and the one hundred (100) Doe Defendants are treated as one entity.  Plaintiffs have failed to make any specific allegations against any of the Defendants, individually. This complete lack of precision is exactly what the opinions in <u>Iqbal</u> and <u>Twombly</u> seek to eliminate.  <u>Iqbal</u> and <u>Twombly</u> demand "more than a sheer possibility that a defendant has acted unlawfully" <u>Id.</u>  Similarly, with respect to the RICO cause of

action, Plaintiffs have not alleged sufficient facts explaining who it believes

participated in the conspiracy, and what the alleged co-conspirators actually agreed

to do in violation of the law.

WHEREFORE, Defendant JC Supply, LLC respectfully demands that

Plaintiffs' First Amended Complaint be dismissed pursuant to Rule 12 (b)(2),

(b)(3), and (b)(6) of the Federal Rules of Civil Procedure.

This the 14th day of July, 2016.

/s/ Justin E. Ledden
Justin E. Ledden
Ledden Law Office
Attorney for Defendant JC Supply, LLC

- 7 -

1

<u>CERTIFICATE OF SERVICE</u>

2

3

I hereby certify that on July 14, 2016, I electronically filed the foregoing

4

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR

5

FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

6

7

with the Clerk of the Court for the United States District Court for the Central

8

District of California by using the CM/ECF system. Counsel for Plaintiffs is a

9

registered CM/ECF user and will be served by the CM/ECF system.

10

11

This the 14th day of July, 2016.

12

/s/ Justin E. Ledden
Justin E. Ledden
Attorney for Defendant JC Supply, LLC
California Bar No. 250144
Ledden Law Office
633 W 5th St, 26th Fl
Los Angeles, CA 90071
Phone: (213) 880-3387
Email: justin@leddenlaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28