**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION AT SANTA ANA**

**HONORABLE DAVID O. CARTER, JUDGE PRESIDING**

**CERTIFIED TRANSCRIPT**

```
HAND & NAIL HARMONY, INC.,       )
ET AL.,                          )
                                 )
         PLAINTIFFS,             )
                                 )
       vs.                       ) SACV NO. 16-0969-DOC
                                 )
ABC NAIL AND SPA PRODUCTS,       )
ET AL.,                          )
                                 )
         DEFENDANTS.             )
_____)
```

EXCERPT FROM PROCEEDINGS

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SANTA ANA, CALIFORNIA

WEDNESDAY, JULY 13, 2016

8:30 A.M.

**DEBORAH D. PARKER, CSR 10342**
**OFFICIAL COURT REPORTER**
**UNITED STATES DISTRICT COURT**
**411 WEST FOURTH STREET**
**SUITE 1-053**
**SANTA ANA, CALIFORNIA 92701**
**(657) 229-4305**
**transcripts@ddparker.com**

*DEBORAH D. PARKER, U.S. COURT REPORTER*

```
APPEARANCES OF COUNSEL:

    FOR THE PLAINTIFFS, HAND & NAIL HARMONY, INC.,
    ET AL.:

                        TODD M. MALYNN
                        POLSINELLI LLP
                        2049 CENTURY PARK EAST
                        SUITE 2900
                        LOS ANGELES, CALIFORNIA 90067
                        (310) 229-1311


    FOR THE DEFENDANTS, ABC NAIL AND SPA PRODUCTS,
    ET AL.:

                        JASON S. ROBERTS
                        GRANT, GENOVESE & BARATTA LLP
                        2030 MAIN STREET
                        SUITE 1600
                        IRVINE, CALIFORNIA 92614
                        (949) 660-1600
```

```
              1    SANTA ANA, CALIFORNIA; WEDNESDAY, JULY 13, 2016; 8:30 A.M.
              2              (Recess taken from 10:43 a.m. to 10:46 a.m.)
              3              THE COURT:  Back on the record.
              4              I want to take a recess to look, again, at the
10:46:37      5    first amended complaint.  In the first amended complaint,
              6    "Felix Tseng" is not named.
              7              MR. MAYLYNN:  Yes, Your Honor.
              8              We felt that under the Lanham Act, even though he
              9    participated in -- that's why he was named in the first
10:46:50     10    complaint, we felt as a sales representative, he didn't have
             11    managerial control.
             12              THE COURT:  So, therefore, I don't see why or how
             13    the Court would have jurisdiction to issue a preliminary.
             14              MR. MAYLYNN:  I would agree with that, Your Honor.
10:47:00     15              THE COURT:  Let me repeat my statement:  I don't
             16    see how or why the Court would issue a preliminary
             17    injunction.  I don't believe I have jurisdiction.
             18              MR. MAYLYNN:  Over Felix, I agree with that, Your
             19    Honor.
10:47:14     20              THE COURT:  All right. As to the entity, Val USA,
             21    the Court finds that a preliminary injunction is
             22    appropriate, based upon the standard.  And, also, as to Iris
             23    Zhen, it's clear to this Court that as the manager of this
             24    company, she's making the offers.  Preliminary injunction
10:47:37     25    will enter against Iris Zhen.
```

                                                                            3

*DEBORAH D. PARKER, U.S. COURT REPORTER*

```
10:47:41    1              You are to file the order by Friday at 12:00 noon,
            2    no later, in this court.
            3              MR. MAYLYNN:  Opposed order by 12:00 noon.
            4              THE COURT:  By Friday, 12:00 noon.  If it's not
10:47:53    5    filed, I will not grant the preliminary injunction.  So
            6    there's your time constraint.
            7              MR. MAYLYNN:  Thank you, Your Honor.
            8              THE COURT:  Second, the expedited discovery, which
            9    issued as part of the TRO, that continues in place.
10:48:04   10              MR. MAYLYNN:  Thank you, Your Honor.
           11              THE COURT:  Thank you very much, Counsel.
           12         (Pause.)
           13              THE COURT:  All right.  I want to make certain
           14    that the standard is properly noted in the preliminary
10:53:58   15    injunction, and the Court's making its findings based on
           16    each of the standards.  There is an alternate standard as
           17    well.  The standards for issuing a temporary restraining
           18    order in a preliminary injunction are substantially
           19    identical.  The case the Court cites is *Stuhlbarg*
10:54:18   20    *International Sales Company versus John D. Brushy & Company*.
           21    A preliminary injunction is an "extraordinary remedy."  The
           22    Court cites *Winter versus Natural Resources Defense Council*
           23    (2008).  And as explained by the Ninth Circuit in *Winter*, a
           24    plaintiff seeking preliminary injunction relief, quote, *must*
10:54:41   25    *establish that he is likely to succeed on the merits, that*
```

| Time | # | Text |
|---|---|---|
| 10:54:45 | 1 | *he is likely to suffer irreparable harm in the absence of* |
| | 2 | *preliminary relief, that the balance of equities tips in his* |
| | 3 | *favor, and that an injunction is in the public interest,* |
| | 4 | citing *American Trucking Association, Inc. versus City of* |
| 10:55:00 | 5 | *Los Angeles,* (Ninth Circuit, 2009). The Court finds that |
| | 6 | that standard has been met. |
| | 7 | In the alternative, quote, *serious questions going* |
| | 8 | *to the merits and a hardship balance that tips sharply* |
| | 9 | *toward plaintiff can support issuance of an injunction,* |
| 10:55:16 | 10 | *assuming the other two elements of the Winter test are also* |
| | 11 | *met.* And the Court cites *Alliance for the Wild Rockies* |
| | 12 | *versus Cottrell,* (Ninth Circuit, 2011). I also find that |
| | 13 | that standard has been met, but I'm primarily relying on |
| | 14 | American Trucking Association versus City of Los Angeles. |
| 10:55:37 | 15 | All right. Thank you very much, Counsel. |
| | 16 | MR. MAYLYNN: Thank you. |
| | 17 | MR. ROBERTS: Thank you. |
| | 18 | *(At 10:55 a.m., proceedings were adjourned.)* |
| | 19 | |
| 10:55:40 | 20 | -oOo- |

5

*DEBORAH D. PARKER, U.S. COURT REPORTER*

```
10:55:40   1                         CERTIFICATE
           2          I hereby certify that pursuant to Section 753,
           3   Title 28, United States Code, the foregoing is a true and
           4   correct transcript of the stenographically reported
10:55:40   5   proceedings held in the above-entitled matter and that the
           6   transcript page format is in conformance with the
           7   regulations of the Judicial Conference of the United States.
           8
           9   Date:  July 14, 2016
10:55:40  10
          11
          12                          _____/s/DEBORAH D. PARKER_____
                                      DEBORAH D. PARKER, OFFICIAL REPORTER
          13
          14
          ...
          25
```

6

*DEBORAH D. PARKER, U.S. COURT REPORTER*