**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 16-0969-DOC (JEMx) | Date: August 8, 2016 |

Title: HAND & NAIL HARMONY, INC., ET AL. V. ABC NAIL AND SPA PRODUCTS, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICITON AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [75]

Before the Court is Defendant JC Supply, LLC's ("JC Supply" or "Defendant") Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted ("Motion") (Dkt. 75). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered Plaintiffs' arguments, the Court DENIES Defendant's Motion.

**I.   Background**

Plaintiff Hand & Nail Harmony, Inc. ("Harmony") manufactures, distributes, and sells high-quality, soak-off gel polishes and other nail products, accessories, and preparations under the brand name "GELISH." First Amended Complaint ("FAC") (Dkt. 25) ¶ 6. Through its qualified distributors, Harmony sells GELISH brand goods to boutiques and salons in Southern California and throughout the world. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-0969-DOC (JEMx)                           Date: August 8, 2016
                                                                                                                                              Page 2

       Plaintiff Nail Alliance, LLC ("Nail Alliance") owns and holds certain intellectual property rights used in connection with GELISH goods, including federal trademarks for the GELISH brand. FAC ¶¶ 7, 62–63. In particular, Nail Alliance owns the rights to United States Trademark Registration Numbers 4,096,115 (GELISH standard character mark), 3,857,946 (GELISH Design plus words), as well as the unique three-dimensional configuration and scrollwork pattern, which is protected by United States Trademark Registration Numbers 4,473,557 and 4,473,558 (collectively, "GELISH marks"). *Id.* Exs. 1–2.

       This case centers upon allegations that Defendants are "actively engaged in manufacturing, distributing, selling, promoting, and/or attempting to pass off counterfeit products and spurious imitations of Plaintiffs' GELISH brand nail products." FAC ¶ 5; *see also id.* ¶¶ 76, 78–80. Plaintiffs contend Defendants' counterfeit products are cheap, low-quality masquerades that disparage Plaintiffs' registered trademarks and inherently distinctive trade dress. *Id.* ¶¶ 5, 90, 92.

       In their FAC, Plaintiffs Harmony and Nail Alliance allege the following claims: (1) trademark infringement and counterfeiting in violation of 15 U.S.C. §§ 1114, 1116(d), *id.* ¶¶ 96–106; (2) false designation of origin, false descriptions, unfair competition and dilution under 15 U.S.C. § 1125, *id.* ¶¶ 107–18; (3) unfair competition *id.* ¶¶ 119–126; unfair competition in violation of California Business & Professions Code § 17200, *id.* ¶¶ 127–33; and (4) violation of the Racketeer Influenced and Corrupt Organizations ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, *id.* ¶¶ 134–56.

       Defendant JC Supply filed the instant Motion on July 14, 2016, arguing the Court should dismiss the SAC pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6). Plaintiffs opposed on August 2, 2016.

**II.     Legal Standard**

       Pursuant to Local Rule 7-3,

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-0969-DOC (JEMx)                          Date: August 8, 2016
                                                                                                        Page 3

"This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

The Court may, in its discretion, refuse to consider a motion for failure to comply with Local Rule 7-3. *See, e.g.*, *Manning v.* Dimech, No. CV1505762RSWLPJWX, 2015 WL 9581795, at *3 (C.D. Cal. Dec. 30, 2015); *Reed v. Sandstone Properties, L.P.*, No. CV 12-05021 MMM VBKX, 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013).

### III. Discussion

In their Opposition, Plaintiffs argue the Court should deny the Motion on the grounds that JC Supply failed to meet and confer as required by Local Rule 7-3. Opp'n at 6.

The Court finds JC Nail Supply's counsel failed to comply with Local Rule 7-3. Contrary to the requirement set forth in Local Rule 7-3, JC Nail Supply's Notice of Motion fails to state that a conference of counsel took place. *See* Notice of Motion (Dkt. 75) at 2–3. Further, there is no indication JC Nail Supply's counsel has ever had or attempted to have any discussions (in person or otherwise) concerning this case, let alone any conversations regarding a contemplated motion. Indeed, Plaintiffs state they only became aware of this Motion from the Court's automated electronic notification system and that, consequently, there was no opportunity for counsel to reach a resolution. Opp'n at 6.

Accordingly, the Court, in its discretion, DENIES the Motion WITHOUT PREJUDICE for failure to comply with Local Rule 7-3. *See Superbalife, Int'l v. Powerpay*, No. CV 08-5099, 2008 WL 4559752, at *2 (C.D. Cal. Oct. 7, 2008) ([A]bsent any evidence that a party attempted to meet and confer in good faith, this Court is unwilling to excuse noncompliance with the Local Rules."); *see also Aguilar v. Ocwen Fin. Corp.*, No. CV-14-07675-MWF SSX, 2015 WL 1345279, at *2 (C.D. Cal. Mar. 24, 2015); *Singer v. Live Nation Worldwide, Inc.*, No. SACV 11-0427 DOC, 2012 WL 123146, at *2 (C.D. Cal. Jan. 13, 2012).

### IV. Disposition

For the foregoing reasons, the Court hereby DENIES Defendant's Motion WITHOUT PREJUDICE.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                                    Initials of Deputy Clerk: djg
CIVIL-GEN