**POLSINELLI LLP**
Todd M. Malynn (CA Bar No.181595)
Adam P. Daniels (CA Bar No. 296466)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: 310.556.1801
Facsimile: 310.556.1802
Email: tmalynn@polsinelli.com

Jose Mariano Castillo
Jose M. Castillo Law Offices
800 W. 6th Street, Suite 900
Los Angeles, CA 90017-2704
Telephone: 213.622.6555
Facsimile: 213.622.5781
Email: Castillo@castillolaw.com

*Attorneys for Plaintiffs*
HAND & NAIL HARMONY, INC.,
NAIL ALLIANCE, LLC

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

HAND & NAIL HARMONY, INC., a California corporation, NAIL ALLIANCE, LLC, a Delaware corporation,

Plaintiffs,

v.

ABC NAIL AND SPA PRODUCTS, a California business; CHAU THI NGOC LE, a California resident; GEL NAIL SUPPLY, LLC, a California business; ANH Q. LE (a.k.a. Mimi), a California citizen; VAL USA MANUFACTURER, INC. (d.b.a. Val Gel Polish Manufacturer), a California corporation; IRIS ZHEN, a California resident; VIP NAIL PRODUCTS, INC., a California corporation; CINDY TRINH, a California resident; LINDSIDE PHAM, a California resident; V&V BEAUTY SUPPLIES, a California business; XUAN THI LAM, a California citizen; KMB NAILS & BEAUTY PRODUCTS, INC., a California corporation; CT TRADING, INC., a California corporation; JACKIE BEAUTY

Case No. 8:16-00969 DOC(JEMx)

**JOINT REPORT AND DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(F)(3) AND L.R. 26-1**

Date: September 26, 2016
Time: 8:30 AM
Courtroom: 9-D
411 W. Fourth Street
Santa Ana, CA

Judge: Hon. David O. Carter
Mag. Judge: Hon. John E. McDermott

Complaint Filed: May 26, 2016
First Amended Complaint Filed: June 17, 2016

Polsinelli LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
310.556.1801

SUPPLY, a California business; NAIL MAXX PRODUCTS, INC., a California corporation; KASHI BEAUTY SUPPLY, a California business; NAILS LOUNGE, LLC, a Nevada corporation; CALI BEAUTY SUPPLY, INC. (d.b.a., CALNAILSUPPLY.COM), a California corporation; BRYAN TRAN, a California resident; TODAY NAILS (a.k.a., Nails Today, LLC), a Nevada Business; HAI T. NGUYEN, a Nevada resident; BAO TOAN LE (a.k.a, Toan), a Nevada resident; DL BEAUTY SUPPLY, LLC (d.b.a., Hollywood Beauty Supply), a Nevada corporation; DERICK Q. LUU (a.k.a., Tony), a Nevada resident; DIRECT BEAUTY SUPPLY, LLC, a Nevada corporation; RYAN DO (a.k.a., Jimmy), a Nevada resident; U.S. MAXIM NAIL SUPPLY CORPORATION, a Texas business; U.S. MAXIM NAIL SUPPLY OUTLET, INC., a Virginia business; QUALITY BEAUTY & NAILS SUPPLY, INC., a Missouri business; A&A NAIL SUPPLY, INC., a Nebraska Business; DANNY TRAN, a Nebraska resident; NAILMARK'S III, INC., a Florida corporation; MT BEAUTY SUPPLY, a South Carolina business; JC SUPPLY, INC., a Georgia business; KHUONG LIEN PHAN, a Georgia resident; ABUBACAR NESSER (a.k.a., Tony), a Georgia resident; FLEX NAILS & BEAUTY SUPPLY (a.k.a., Nail & Beauty Super Store), a Canadian business; and DOES 1 through 100, inclusive,

Defendants.

Plaintiffs Hand & Nail Harmony, Inc. ("Harmony") and Nail Alliance, LLC ("Nail Alliance") (collectively, "Plaintiffs") and Defendants Gel Nail Supply, LLC ("Gel Nail"); Anh Q. Le (a.k.a., "Mimi"); Val USA Manufacturer, Inc. (a.k.a., Val Gel Polish Manufacturer) ("Val USA"); Irish Zhen ("Zhen"); Nail Maxx Products, Inc. ("Nail Maxx"); Cali Beauty Supply, Inc. (d.b.a., calnailsupply.com) ("Cali

Beauty"); A&A Nail Supply, Inc. ("A&A Nail"); Danny Tran ("Tran"); JC Supply, Inc. ("JC Supply") conducted a telephonic Rule 26(f) conference on September 2, 2016, after Defendants Gel Nail and Anh Q. Le filed an Answer (dkt. 90) on August 8, 2016, after Defendants Val USA and Irish Zhen opposed Plaintiffs Renewed Application for a Temporary Restraining Order (dkt. 15) at a Court hearing on July 13, 2016 and filed a Joint Stipulation for a Protective Order (dkt. 93) on August 17, 2016, after Defendant Nail Maxx filed an Answer (dkt. 84) on July 26, 2016, after Cali Beauty filed an Answer after Defendant Cali Beauty filed an Answer (dkt. 36) on July 7, 2016, after Defendants A&A Nail and Danny Tran filed an Answer (dkt. 60) on July 12, 2016, and after Defendant JC Supply filed Motion to Dismiss (dkt. 75) on 7/14/2016. Counsel for Plaintiffs, along with counsel for Defendants (collectively, the "Parties"), jointly submit this Report and Discovery Plan addressing the issues set forth in Fed. R. Civ. P. 26(f)(3) and Local Rule 26-1. The positions set forth in this report are based on the Parties' current understanding of the legal and factual issues involved in the case. The Parties acknowledge that as discovery proceeds and the case progresses, the views and beliefs set forth herein may change or evolve.

Remaining Defendants ABC Nail and Spa Products ("ABC Nail"), Chau Thi Ngoc Le ("Le"), Kashi Beauty Supply ("Kashi"), U.S. Maxim Nail Supply Corporation ("Maxim Supply"), U.S. Maxim Nail Supply Outlet, Inc. ("Maxim Outlet"), Nailmark's III, Inc. ("Nailmark"), Flex Nails & Beauty Supply (a.k.a., "Nail & Beauty Super Store"), Nails Lounge, LLC ("Nails Lounge"); Bryan Tran ("Bryan"); and (Nail 200, Queen Nails, and Nevada Nails and Spa), Direct Beauty Supply, LLC ("Direct Beauty"), Ryan Do (a.k.a., "Jimmy"), VIP Nail Products, Inc. ("VIP Nail"), Cindy Trinh ("Trinh"), Lindside Pham ("Pham"), CT Trading, Inc. ("CT Trading"), Jackie Beauty Supply ("Jackie Beauty"), Bao Toan Le (a.k.a., "Toan"), DL Beauty Supply, LLC (d.b.a., Hollywood Beauty Supply) ("DL

Beauty"), Derick Q. Luu (a.k.a., "Tony"), Quality Beauty & Nails Supply, Inc. ("Quality Nail"), MT Beauty Supply ("MT Beauty"), and Abubacar Nesser (a.k.a., Tony) ("Nesser") have not appeared in this matter.

# I. SUMMARY OF THE CASE

## A. Plaintiffs' Statement of the Case

This case concerns the wrongful violation of Plaintiffs' intellectual property rights by a sprawling ring of counterfeit activity across the United States, which is targeting Plaintiffs' popular brands of nail products -- GELISH®. Defendants are actively engaged in manufacturing, distributing, selling, promoting and/or attempting to pass off counterfeit products and other spurious imitations of Plaintiffs' GELISH® brand products. Defendants are using Plaintiffs' registered and common law trademarks, inherently distinctive trade dress, and goodwill to divert business from Plaintiffs to them—causing irreparable harm to Plaintiffs' goodwill and reputation. Defendants have knowingly acted and participated in the widespread counterfeit activity and/or have been willfully blind to the nature and scope of the same. Defendants' conduct is likely to cause consumer confusion concerning, *inter alia*, the source or origin of the products and/or Plaintiffs' affiliation with the Defendants. Plaintiffs seek both injunctive and monetary relief, including statutory damages, enhanced damages, and attorneys' fees.

## B. Defendants' Respective Statements of the Case

### 1. Defendants Gel Nail Supply, LLC ("Gel Nail") and Anh Q. Le (a.k.a., "Mimi"):

Plaintiffs assert Defendants infringed upon Plaintiffs' intellectual property interests in the GELISH mark and design by purportedly purchased, promoted, distributed, advertised, sold and/or offered to sell counterfeit products that are related to and indistinguishable from GELISH goods. Plaintiffs further assert these Defendants are in association with all other Defendants in an Enterprise to further a

purportedly scheme to sell and profit from counterfeit GELISH products. Defendants deny such allegations, and further deny Plaintiffs have suffered any damages, and any entitlement to statutory or enhanced damages.

2. **Defendant Val USA Manufacturer, Inc. (a.k.a., Val Gel Polish Manufacturer) ("Val USA") and Irish Zhen ("Zhen"):**

Defendant Val USA is an OEM manufacturer, not a reseller, of nail-related products, and competes in the marketplace with Plaintiff. Defendant alleges that Plaintiff sent an investigator who attempted to entrap Val USA into admitting infringement of Plaintiff's trademark by requesting Val USA to enter into a contract with a non-existent entity to produce infringing products. However, Val USA insisted that it is simply an OEM manufacturer and would not enter into such contract. Notwithstanding absence of iota of any evidence or facts supporting infringement, Plaintiff bring this law suit purely based on the declaration of its paid undercover investigator and, as a result, causing severe harms to Val USA.

Further, Val USA, as an OEM and not a reseller as the other defendants in this action, contemplated brining a Rule 12(b)(6) motion to dismiss Count Five RICO Conspiracy against Val USA. After a conference with Plaintiff's counsel prior to filing a motion to dismiss pursuant to Local Rule, the parties agreed to dismiss without prejudice Count Five against Val USA and Zhen.

Val USA further alleges that Plaintiff is engaged in an unfair competition by bringing frivolous law suit against an OEM defendant Val USA and, thereby, harming the reputation of Val USA. Val USA, therefore, anticipates filing a counterclaim against Plaintiff.

3. **Defendant Nail Maxx Products, Inc. ("Nail Maxx"):**

Plaintiffs assert Defendant infringed upon Plaintiffs' intellectual property interests in the GELISH mark and design by purportedly purchased, promoted, distributed, advertised, sold and/or offered to sell counterfeit products that are

related to and indistinguishable from GELISH goods. Plaintiffs further assert this Defendant is in association with all other Defendants in an Enterprise to further a purportedly scheme to sell and profit from counterfeit GELISH products. Defendant denies such allegations, and further deny Plaintiffs have suffered any damages, and any entitlement to statutory or enhanced damages.

4. **Defendants A&A Nail Supply, Inc. ("A&A Nail") and Danny Tran ("Tran"):**

Defendants A&A Nail and Tran deny the allegations in Plaintiffs' Complaint, deny any use of any mark that is confusingly similar to any mark purportedly owned by Plaintiffs or for which Plaintiffs allege any rights to enforce, deny any purported infringement of said marks, and deny that Plaintiffs has been damaged in any way as a result of Defendants A&A Nail and Tran's alleged acts or omissions. Defendants A&A Nail and Tran deny that any "sprawling ring of counterfeit activity" exists and/or that were involved in any way in any dealings or transactions involving counterfeit goods or had any knowledge or reason to know of any such activity. Defendants A&A Nail and Tran further deny that they have caused Plaintiffs any harm or damages, or have done anything which warrants any award of injunctive relief.

5. **Defendant JC Supply, Inc. ("JC Supply"):**

No comments.

**<u>F.R.CIV.P. 26(F)(3) ISSUES TO ADDRESS</u>**

**C. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made**.

The Parties propose no changes in the requirement for disclosures under Rule 26(a). Parties agreed to exchange initial disclosures by September 20, 2016, and

have agreed to a litigation hold on all potentially relevant matters, including electronically stored information.

**D. The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

The Parties jointly proposed a discovery cut-off below. The Parties do not believe discovery should be conducted in phases or focused on particular issues.

Plaintiffs anticipate needing discovery into the following main subject matters before trial: (1) the persons/entities that own, control, manage or operate Defendants; (2) the nature and source of counterfeit GELISH® brand products manufactured, bottled, labeled, sold, offered for sale, prompted and/or otherwise distributed by Defendants; (3) Defendants' inventory, purchase orders, handling, shipment and customers of the counterfeit GELISH® brand products; and (4) Defendants' financial condition, including revenues from the sales of the counterfeit GELISH® brand products over the last three years.

Defendants A&A Nail and Tran anticipate needing discovery into the following main subject matters before trial: (1) the topics raised by Plaintiffs above, (2) Plaintiffs' allegations that Defendants A&A Nail and Tran were involved the distribution of counterfeit product, (3) Plaintiffs' manufacture and distribution of goods, whether by its own actions or those of affiliated and/or authorized third parties, (4) Plaintiffs' knowledge of and effort to stop perceived infringement of the asserted IP rights by third parties, including but not limited to affiliated and/or authorized third parties, (5) Plaintiffs' alleged damages caused by Defendants A&A Nail and Tran, and (6) Defendants A&A Nail and Tran's affirmative defenses.

Defendant Val USA and Zhen anticipate seeking discovery into the following subjects: (1) the number of law suits filed by Plaintiff within last year; (2) the number of law suits filed by Plaintiff against OEM manufacturers within last three

years; (3) past relationship between Plaintiff and Val USA; and (4) evidence supporting counterfeiting by Val USA prior to Plaintiff's investigative efforts using a paid undercover investigator.

Defendants Gel Nail and Anh Q. Le anticipate discovery into the following main subject matters: (1) Plaintiffs' business practice, in terms of advertising, packaging, distribution, shipping, quality control, and handling products; (2) Plaintiffs' distribution procedures, whether to individual or wholesaler, including, but not limited, to agreement, inventory list, shipping, quality control, and packaging; (3) any and all persons/entities that oversee and are aware of Plaintiffs' distribution process; (4) any and all person/entities that are aware of Defendants' purported misconducts as alleged in Plaintiffs' Complaint; (5) Plaintiffs' evidence of Defendants' purported misconducts as alleged in Plaintiff's Complaint; (5) Plaintiffs' copyright and trademarks alleged in the Complaint; and (6) any and all persons that has knowledge of or has determined Plaintiffs' monetary loss as a result of Defendants' purported misconducts as alleged in Plaintiffs' Complaint.

Defendant Nail Maxx anticipates discovery into the following main subject matters: (1) Plaintiffs' business practice, in terms of advertising, packaging, distribution, shipping, quality control, and handling products; (2) Plaintiffs' distribution procedures, whether to individual or wholesaler, including, but not limited, to agreement, inventory list, shipping, quality control, and packaging; (3) any and all persons/entities that oversee and are aware of Plaintiffs' distribution process; (4) any and all person/entities that are aware of Defendants' purported misconducts as alleged in Plaintiffs' Complaint; (5) Plaintiffs' evidence of Defendants' purported misconducts as alleged in Plaintiff's Complaint; (5) Plaintiffs' copyright and trademarks alleged in the Complaint; and (6) any and all persons that has knowledge of or has determined Plaintiffs' monetary loss as a result of Defendants' purported misconducts as alleged in Plaintiffs' Complaint.

**E. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

Plaintiffs anticipate the production of electronic information, including screen shots, metadata and computer code relating to manufacturing, bottling, labeling, selling, offering for sale, advertising, and/or otherwise distributing Plaintiffs' nail products, if any, as well as any products Plaintiff alleges to be confusingly similar to GELISH brand products sold by Defendants, including Defendants' websites, if any. The Parties will attempt to cooperate regarding the search and retrieval of electronically stored information ("ESI"), and have agreed that (a) unless otherwise requested, ESI will be produced in searchable PDF format, and (b) unless otherwise objectionable, ESI will be produced in native format when and as requested. (This is incorrect as no such discussion occurred, particularly to the first sentence. Val USA objects to the language and demands it to be revised as above.)

**F. Any issues about claims of privilege or of protection as trial-preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties anticipate a Stipulation for Entry of a confidentiality Protective Order. Notably, Defendants Val USA and Irish Zhen filed a Joint Stipulation for a Protective Order (dkt. 93) on August 17, 2016. Additional Joint Stipulations are expected to be drafted and circulated amongst the remaining parties, and will be submitted once agreed upon. The Parties agree that no privilege logs are necessary for any work product created or attorney-client communications on or after the Party appeared in this matter.

**G. What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

At this time, the Parties propose no changes to the numerical limits on discovery already provided in the Federal Rules of Civil Procedure and the Local Rules. The Parties, except for Defendants A&A Nail and Tran, agree that written discovery requests and written discovery responses may be served by electronic mail.

**H. Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Other than as proposed below in connection with a Schedule Order pursuant to Rule 16(b) and in response to Local Rule 26-1, the Parties propose no other orders for consideration at this time.

## II. LOCAL RULE 26-1 ISSUES TO ADDRESS:

**(a) Complex Cases.**

The Parties agree that the procedures of the Manual For Complex Litigation are not appropriate for the present action.

**(b) Motion Schedule.**

The Parties anticipate bringing dispositive motions before any court-ordered deadline, and proposed a cut-off date below.

Val USA AND Zhen reserves the right to bring a Rule 12(b)(6) motion to dismiss upon further conference.

**(c) ADR.**

Plaintiffs proposed ADR Procedure No. 3 (private mediation). Defendants A&A Nail and Tran propose ADR Procedure No. 3 as well.

**(d) Trial Estimate.**

The Parties estimate that the time required for trial is twelve (12) days.

**(e) Additional Parties.**

Plaintiffs anticipate joining as defendants (a) those persons who are jointly and severally liable for Defendants' alleged wrongful conduct, including trademark infringement and unfair competition, and (b) those persons who are the distribution channel of the counterfeit GELISH® brand products. Defendants do not anticipate joining any additional parties, but reserve the right to do so should discovery reveal additional third parties who are necessary for proper resolution of this matter or who are responsible for the claims raised by Plaintiffs.

**(f) Expert Witnesses.**

The Parties anticipate that expert discovery, including damages experts, might become necessary based on the outcome of fact discovery.

**2.0 LEGAL ISSUES**

Whether Plaintiffs' asserted intellectual property rights are valid and enforceable. Whether Defendants have engaged in: (a) trademark infringement and counterfeiting; (b) false designation of origin, false descriptions, unfair competition, and dilution; and (c) racketeering activity under the Racketeer Influenced and Corrupt Organizations Act (RICO). Whether Plaintiffs are entitled to injunctive and/or monetary relief, including statutory damages, enhanced damages, and/or attorneys' fees, and the nature and amount of such claims for monetary relief. Whether this Court has proper jurisdiction over Defendant JC Supply as set forth in its Motion to Dismiss (dkt. 75), filed on 7/14/2016.

**By Val USA and Zhen**

Whether Plaintiff is engaged in anticompetitive activity against a party who competes in the same line of business; and (2) whether Plaintiff's claims amount to an "exceptional" case warranting attorney's fees pursuant to 15 U.S.C. §1117(a).

**3.0 DAMAGES**

Plaintiffs have alleged in excess of $2,000,000.00 in damages for each

incident of wrongdoing, plus costs and attorneys' fees. Plaintiffs also seek statutory and enhanced damages. Defendants deny that Plaintiffs have incurred any damages, and any entitlement to statutory or enhanced damages.

Val USA and Zhen, upon filing of counterclaim, will seek restitution damages, the amount of which is currently unknown.

**4.0 INSURANCE**

Defendants A&A Nail and Tran are investigating the possibility of insurance coverage related to this matter.

For Val USA and Zhen, there was no insurance in effect through which they were or might be insured in any manner for he damages, claims, or actions alleged in Plaintiff's operative complaint.

**5.0 STATUS OF DISCOVERY**

The Parties anticipating serving their respective initial disclosures on September 20, 2016. Pursuant to court order, Plaintiffs' have propounded initial discovery requests that included Requests for Production of Documents and Things on Defendants ABC Nail, Chau Thi Ngoc Le, Gel Nail, Anh Q. Le, Val USA, Iris Zhen, VIP Nail, V&V Beauty, Cindy Trinh, Lindside Pham, Bryan Tran, Hai T. Nguyen, and Bao Toan Le on June 30, 2016. Defendant Val USA responded to the initial discovery request on July 26, 2016, and Plaintiffs have met and conferred with Defendant Val USA on its discovery responses.

No other responses have been received.

**6.0 DISCOVERY PLAN**

The Parties need to conduct depositions of fact witnesses, expert witnesses, opposing parties, propound written discovery (document demands, interrogatories, requests for admission), third party subpoenas, and other discovery. The Parties jointly propose the schedule as shown in Table below (the Proposed Schedule of Trial and Pretrial Dates), which includes expert witness disclosure.

**7.0 SETTLEMENT EFFORTS**

Counsel for the Parties discussed ADR at the early meeting of counsel.

Plaintiffs and Defendants ABC Nail, Chau Thi Ngoc Le, Gel Nail, Anh Q. Le, Kashi, Cali Beauty, Bryan Tran, Nails Lounge, Maxim Nail Supply, JC Supply, Nailmark, and Flex Nails are currently engaged in ongoing settlement discussions, including the respective terms of an early settlement resolution.

Defendants V&V Beauty Supplies ("V&V Beauty") and Xuan Thi Lam ("Lam") entered into a Settlement Agreement with Plaintiffs and were dismissed from this litigation by an Order (dkt. 83) on July 25, 2016.

Defendant KMB Nails & Beauty Products, Inc. ("KMB Nails") entered into a Settlement Agreement with Plaintiffs and were Voluntarily Dismissed from this litigation (dkt. 94) on August 26, 2016.

Defendants Today Nails and Hai T. Nguyen ("Nguyen") entered into a Settlement Agreement with Plaintiffs and were dismissed by an Order (dkt. 92) on August 17, 2016.

The Parties will file ADR forms in accordance with local rules. The Parties intend that the final meeting with any settlement officers will occur no later than 45 days before the Final Pretrial Conference.

**8.0 TRIAL COUNSEL**

Plaintiff's trial counsel is presently expected to be Todd M. Malynn and Adam P. Daniels.

Defendants Gel Nail and Anh Q. Le's trial counsel is presently expected to be Alex L. Benedict of the Law Offices of Alex L. Benedict & Associates, APC.

Defendants Val USA and Iris Zhen's trial counsel is presently expected to be Tony Wong and Peter K. Chu.

Defendants Nail Maxx's trial counsel is presently expected to be Alex L. Benedict of the Law Offices of Alex L. Benedict & Associates, APC.

Defendants A&A Nail and Danny Tran's trial counsel is presently expected to be Stephen D. Collins and Kevin W. Isaacson.

Defendants JC Supply's trial counsel is presently expected to be Justin Ledden of the Ledden Law Office.

**9.0 INDEPENDENT EXPERT OR MASTER**

The Parties do not believe this litigation requires an independent expert or master.

**10.0 OTHER ISSUES**

Plaintiffs and Defendants do not contemplate any other issues affecting the status or management of the case.

**PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES**

CASE NAME: *Hand & Nail Harmony, Inc., et al v. ABC Nail and Spa Products, et al.*

CASE NO.: 8:16-cv-00969-DOC-JEMx

| Matter | Time Before Trial | Plaintiffs Request | Defendants Request |
|---|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date (September 26, 2016) plus ninety-one (91) Days | August 21, 2017 | A&A Nail & Tran: January 9, 2017<br><br>Val USA & Zhen August 21, 2017<br><br>Gel Nail, Anh Q. Le & Nail Maxx Same as Plaintiffs |
| Fact Discovery Cut-Off | Three (3) months before Trial | August 20, 2017 | A&A Nail & Tran: September 1, 2017<br><br>Val USA & Zhen August 20, 2017<br><br>Gel Nail, Anh Q. Le & Nail Maxx Same as Plaintiffs |
| Last Day to Serve Initial Expert Reports | Twelve (12) weeks before Trial | August 28, 2017 | A&A Nail & Tran: September 11, 2017<br><br>Val USA & Zhen August 28, 2017<br><br>Gel Nail, Anh Q. Le & Nail Maxx Same as Plaintiffs |

| Matter | Time Before Trial | Plaintiffs Request | Defendants Request |
| --- | --- | --- | --- |
| Last Day to File Motions (Except *Daubert* and other Motions *in Limine*) | Ten (10) weeks before Trial | September 11, 2017 | A&A Nail & Tran: September 25, 2017<br><br>Val USA & Zhen September 11, 2017<br><br>Gel Nail, Anh Q. Le & Nail Maxx Same as Plaintiffs |
| Last Day to Serve Rebuttal Expert Reports | Ten (10) weeks before Trial | September 11, 2017 | A&A Nail & Tran: September 25, 2017<br><br>Val USA & Zhen: September 11, 2017<br><br>Gel Nail, Anh Q. Le & Nail Maxx Same as Plaintiffs |
| Expert Discovery Cut-Off | Eight (8) weeks before Trial | September 25, 2017 | A&A Nail & Tran: October 9, 2017<br><br>Val USA & Zhen September 25, 2017<br><br>Gel Nail, Anh Q. Le & Nail Maxx Same as Plaintiffs |

| Matter | Time Before Trial | Plaintiffs Request | Defendants Request |
| --- | --- | --- | --- |
| Last Day to File *Daubert* Motions | Six (6) weeks before Trial | October 9, 2017 | A&A Nail & Tran: October 23, 2017<br><br>Val USA & Zhen: October 9, 2017<br><br>Gel Nail, Anh Q. Le & Nail Maxx Same as Plaintiffs |
| Last Day to Conduct Settlement Proceedings | Six (6) weeks before Trial | October 9, 2017 | A&A Nail & Tran: October 13, 2017<br><br>Val USA & Zhen October 9, 2017<br><br>Gel Nail, Anh Q. Le & Nail Maxx Same as Plaintiffs |
| Memoranda of Contentions of Fact & Law; Witness List; Exhibit List | Twenty-one (21) days before Final Pre-Trial Conference | October 30, 2017 | A&A Nail & Tran: October 27, 2017<br><br>Val USA & Zhen: October 16, 2017<br><br>Gel Nail, Anh Q. Le & Nail Maxx Same as Plaintiffs |
| Last Day to File Motions *in Limine* (excluding *Daubert* Motions) | Eleven (11) days before Final Pre-Trial Conference | November 9, 2017 | A&A Nail & Tran: November 6, 2017<br><br>Val USA & Zhen: October 24, 2017<br><br>Gel Nail, Anh Q. Le & Nail Maxx Same as Plaintiffs |

| Matter | Time Before Trial | Plaintiffs Request | Defendants Request |
|---|---|---|---|
| Final Pre-Trial Conference Order | Eleven (11) days before Final Pre-Trial Conference | November 9, 2017 | A&A Nail & Tran: November 6, 2017<br><br>Val USA & Zhen: October 24, 2017<br><br>Gel Nail, Anh Q. Le & Nail Maxx Same as Plaintiffs |
| Final Pre-Trial Conference **(Friday)** | Two (2) weeks before Trial | November 6, 2017 | A&A Nail & Tran: November 17, 2017<br><br>Val USA & Zhen November 6, 2017<br><br>Gel Nail, Anh Q. Le & Nail Maxx Requests Jury Trial |
| Last Day to File Proposed Finding of Facts & Conclusions of Law (if court trial) | Friday before trial | November 17, 2017 | A&A Nail & Tran: Jury Trial Requested<br><br>Val USA & Zhen: November 17, 2017<br><br>Gel Nail, Anh Q. Le & Nail Maxx Same as Plaintiffs |

| Matter | Time Before Trial | Plaintiffs Request | Defendants Request |
|---|---|---|---|
| Final Exhibit Conference | Friday before trial | November 17, 2017 | A&A Nail & Tran: December 1, 2017<br><br>Val USA & Zhen November 17, 2017<br><br>Gel Nail, Anh Q. Le & Nail Maxx Same as Plaintiffs |
| Trial (Tuesday at 9:00 a.m.) | | November 20, 2017 | A&A Nail & Tran: December 5, 2017<br><br>Val USA & Zhen: November 20, 2017 |

Dated: September 12, 2016

Respectfully submitted,

**POLSINELLI LLP**

/s/TODD MALYNN

By: Todd M. Malynn, Esq.

2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 556-1801
Facsimile: (310) 556-1802
tmalynn@polsinelli.com

*Attorneys for Plaintiffs*
HAND & NAIL HARMONY, INC., NAIL ALLIANCE, LLC

TINGLEY LAW GROUP, PC

_/s/Kevin Isaacson _____________

By: Kevin Isaacson, Esq.

10 Almaden Blvd., Suite 960
San Jose, CA 95113
Telephone: (408) 283-7000
Facsimile: (408) 283-7010
kisaacson#@tingleylawgroup.com

Attorneys for Defendants
A&A NAIL SUPPLY and DANNY TRAN

DAVID & RAYMOND

/s/ Peter K. Chu_____________ _____________

By: Peter K. Chu, Esq.

388 E. Valley Blvd., Suite 223
Alhambra, CA 91801
Telephone: (626) 447-7788
Facsimile: (626) 447-7783
peterc@dnriplaw.com

Attorneys for Defendants
VAL USA MANUFACTURER, INC. and IRIS ZHEN

LEDDEN LAW OFFICE

_/s/Justin Ledden _____________

By: Justin Ledden, Esq.

US Bank Tower
633 West 5th Street, 26th Floor
Los Angeles, CA 90071
Telephone: (213) 880-3387
justin@leddenlaw.com

Attorneys for Defendant
JC SUPPLY, INC.

LAW OFFICE OF ALEX L. BENEDICT & ASSOCIATES, APC

By: _/s/Michelle K.L. Le _____________
Michelle K.L. Le, Esq.

8840 Warner Ave., Suite 300
Fountain Valley, CA 92708
Telephone: (714) 842-6124
Facsimile: (714) 842-6134
michelle.le@lawalb.com

Attorneys for Defendant
GEL NAIL SUPPLY, INC., ANH Q. LE and NAIL MAXX PRODUCTS, INC.

Attestation

I hereby attest that the other signatories list, on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

September 12, 2016

**POLSINELLI LLP**

By: /s/TODD MALYNN
Todd M. Malynn, Esq.

2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: (310) 556-1801
Facsimile: (310) 556-1802
tmalynn@polsinelli.com

*Attorneys for Plaintiffs*
HAND & NAIL HARMONY, INC., NAIL ALLIANCE, LLC

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 12, 2016, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Central District of California, using the Court's Electronic Case Filing (ECF) system. The ECF system routinely sends a "Notice of Electronic Filing" to all attorneys of record who have consented to accept this notice of this document by electronic means.

Dated: September 12, 2016

POLSINELLI, LLC

By: /s/AJ Cruickshank
AJ Cruickshank