Tony W. Wong (CA State Bar No. 243324)
A. Justin Lum, *Of Counsel* (CA State Bar No. 164882)
Peter K. Chu (CA State Bar No. 251705)
D&R I.P. LAW FIRM, APLC
388 E. Valley Blvd., Suite 223
Alhambra, CA 91801
Telephone: (626) 447-7788
Facsimile: (626) 447-7783
Email: tonyw@dnriplaw.com
        justinl@dnriplaw.com
        peterc@dnriplaw.com

Attorneys for Defendants
VAL USA MANUFACTURER, INC.
and IRIS ZHEN

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| HAND & NAIL HARMONY, INC., a California corporation, NAIL ALLIANCE, LLC, a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> ABC NAIL AND SPA PRODUCTS, a California business; GEL NAIL SUPPLY, a California business; VAL USA MANUFACTURER, INC. (a.k.a., Val Gel Polish Manufacture), a California corporation; IRIS ZHEN; et al. <br><br> Defendants. <br> _____ | Case No. SACV16-00969 DOC (JEMx) <br><br> **FIRST AMENDED ANSWER BY DEFENDANTS IRIS ZHEN AND VAL USA MANUFACTURER, INC.; AND FIRST AMENDED COUNTERCLAIMS BY VAL USA MANUFACTURER, INC. FOR:** <br><br> **1.    TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS; AND** <br> **2.    STATE UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §17200 ET SEQ.)** <br><br> **DEMAND FOR JURY TRIAL** |

VAL USA MANUFACTURER, INC.
(a.k.a., Val Gel Polish Manufacture), a
California corporation,

Counterclaimants,

v.

HAND & NAIL HARMONY, INC., a
California corporation, NAIL ALLIANCE,
LLC, a Delaware corporation, and ROES 1
to 10,

Counter-Defendants.

Defendants VAL USA MANUFACTURER, INC. and IRIS ZHEN

("Answering Defendant(s)"), for their First Amended Answer to the First Amended

Complaint of Plaintiffs HAND & NAIL HARMONY, INC. and NAIL ALLIANCE,

LLC (collectively, "Plaintiffs"), hereby answer the numbered paragraphs in Plaintiffs'

First Amended Complaint for themselves only, without admitting or denying any

allegations as applied to other Defendants as the word "Defendants" are used in the

First Amended Complaint, as follows:

## I.      JURISDICTION AND VENUE

1.      Answering the allegations of paragraph 1, Answering Defendants admit

that the First Amended Complaint purports to arise under the Trademark Act, Title 15

U.S.C., §1051 *et seq.* and the common law. Answering Defendants deny any

allegations of infringement as to Answering Defendants. Answering Defendants

further deny that Plaintiffs' causes of action are adequately pled or that Plaintiffs are entitled to relief.

2.      Answering the allegations of paragraph 2, Answering Defendants admit only to the allegations that this Court has jurisdiction over the subject matter of 28 U.S.C. §§1331 and 1338(a) and (b). Answering Defendants are unable to admit nor deny the remaining allegations of paragraph 2 as they do not have sufficient information nor knowledge to do so as to Answering Defendants

3.      Answering the allegations of paragraph 3, Answering Defendant VAL USA MANUFACTURER, INC. ("VAL") admits it is a California corporation. Answering Defendants deny the remaining allegations of paragraph 3 as to Answering Defendants.

4.      Answering the allegations of paragraph 4, no response is reuired as this paragraph simply asserts a legal conclusion. To the extent an answer is required, Answering Defendants deny the allegations of paragraph 4 as to Answering Defendants.

## II.      <u>INTRODUCTION</u>

5.      Answering the allegations of paragraph 5, Answering Defendants deny the allegations contained therein as to Answering Defendants.

### III.   PLAINTIFFS

6.     Answering the allegations of paragraph 6, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 6 of the First Amended Complaint and accordingly deny the same.

7.     Answering the allegations of paragraph 7, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 7 of the First Amended Complaint and accordingly deny the same.

8.     Answering the allegations of paragraph 8, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 8 of the First Amended Complaint and accordingly deny the same.

### IV.   ANSWERING DEFENDANTS

9.     Answering the allegations of paragraph 9, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 9 of the First Amended Complaint and accordingly deny the same.

10.     Answering the allegations of paragraph 10, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 10 of the First Amended Complaint and accordingly deny the same.

11.     Answering the allegations of paragraph 11, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 11 of the First Amended Complaint and accordingly deny the same.

12.    Answering the allegations of paragraph 12, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 12 of the First Amended Complaint and accordingly deny the same.

13.    Answering the allegations of paragraph 13, Answering Defendant VAL admits that it is a corporation organized under the law of the State of California with an address of 17008 Evergreen Pl., #C, City of Industry, California 91745. Answering Defendant VAL denies the remaining allegations of paragraph 14.

14.    Answering the allegations of paragraph 14, Answering Defendant Iris Zhen ("Zhen") admits that she is a manger and chemist of VAL. She denies the remaining allegations of paragraph 14.

15.    Answering the allegations of paragraph 15, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 of the First Amended Complaint and accordingly deny the same.

16.    Answering the allegations of paragraph 16, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 16 of the First Amended Complaint and accordingly deny the same.

17.    Answering the allegations of paragraph 17, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 17 of the First Amended Complaint and accordingly deny the same.

18.    Answering the allegations of paragraph 18, Answering Defendants lack

knowledge or information sufficient to form a belief as to the allegations of Paragraph 18 of the First Amended Complaint and accordingly deny the same.

19.     Answering the allegations of paragraph 19, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 19 of the First Amended Complaint and accordingly deny the same.

20.     Answering the allegations of paragraph 20, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 20 of the First Amended Complaint and accordingly deny the same.

21.     Answering the allegations of paragraph 21, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 21 of the First Amended Complaint and accordingly deny the same.

22.     Answering the allegations of paragraph 22, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 22 of the First Amended Complaint and accordingly deny the same.

23.     Answering the allegations of paragraph 23, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 23 of the First Amended Complaint and accordingly deny the same.

24.     Answering the allegations of paragraph 24, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 24 of the First Amended Complaint and accordingly deny the same.

25.     Answering the allegations of paragraph 25, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 25 of the First Amended Complaint and accordingly deny the same.

26.     Answering the allegations of paragraph 26, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 26 of the First Amended Complaint and accordingly deny the same.

27.     Answering the allegations of paragraph 27, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 27 of the First Amended Complaint and accordingly deny the same.

28.     Answering the allegations of paragraph 28, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 28 of the First Amended Complaint and accordingly deny the same.

29.     Answering the allegations of paragraph 29, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 29 of the First Amended Complaint and accordingly deny the same.

30.     Answering the allegations of paragraph 30, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 30 of the First Amended Complaint and accordingly deny the same.

31.     Answering the allegations of paragraph 31, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph

31 of the First Amended Complaint and accordingly deny the same.

32. Answering the allegations of paragraph 32, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 32 of the First Amended Complaint and accordingly deny the same.

33. Answering the allegations of paragraph 33, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 33 of the First Amended Complaint and accordingly deny the same.

34. Answering the allegations of paragraph 34, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 34 of the First Amended Complaint and accordingly deny the same.

35. Answering the allegations of paragraph 35, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 35 of the First Amended Complaint and accordingly deny the same.

36. Answering the allegations of paragraph 36, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 36 of the First Amended Complaint and accordingly deny the same.

37. Answering the allegations of paragraph 37, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 37 of the First Amended Complaint and accordingly deny the same.

38. Answering the allegations of paragraph 38, Answering Defendants lack

knowledge or information sufficient to form a belief as to the allegations of Paragraph 38 of the First Amended Complaint and accordingly deny the same.

39.    Answering the allegations of paragraph 39, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 39 of the First Amended Complaint and accordingly deny the same.

40.    Answering the allegations of paragraph 40, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 40 of the First Amended Complaint and accordingly deny the same.

41.    Answering the allegations of paragraph 41, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 41 of the First Amended Complaint and accordingly deny the same.

42.    Answering the allegations of paragraph 42, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 42 of the First Amended Complaint and accordingly deny the same.

43.    Answering the allegations of paragraph 43, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 43 of the First Amended Complaint and accordingly deny the same.

44.    Answering the allegations of paragraph 44, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 44 of the First Amended Complaint and accordingly deny the same.

45.     Answering the allegations of paragraph 45, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 45 of the First Amended Complaint and accordingly deny the same.

46.     Answering the allegations of paragraph 46, Answering Defendants deny the allegations of paragraph 46.

47.     Answering the allegations of paragraph 47, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 47 of the First Amended Complaint and accordingly deny the same.

## V.     PERSONAL JURISDICTION OF OUT-OF-STATE ANSWERING DEFENDANTS

48.     Answering the allegations of paragraph 48, no answer is required as this paragraph asserts a legal conclusion. To the extent an answer is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of paragraph 48 and accordingly deny the allegations contained therein as to Answering Defendants.

49.     Answering the allegations of paragraph 49, Answering Defendants deny the allegations contained therein as to Answering Defendants.

50.     Answering the allegations of paragraph 50, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any

knowledge of existence of any counterfeit merchandises alleged therein and thereby deny the allegations contained therein as to Answering Defendants.

51.     Answering the allegations of paragraph 51, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein and thereby deny the allegations contained therein as to Answering Defendants.

52.     Answering the allegations of paragraph 52, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations pertaining to the out-of-state Defendants in paragraph 53 of the First Amended Complaint and accordingly deny the same. Answering Defendants deny the remaining allegations of the paragraph 53.

53.     Answering the allegations of paragraph 53, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 53 of the First Amended Complaint and accordingly deny the same.

54.     Answering the allegations of paragraph 54, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 54 of the First Amended Complaint and accordingly deny the same.

55.     Answering the allegations of paragraph 55, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 55 of the First Amended Complaint and accordingly deny the same. Further,

Answering Defendants deny that they purchased any product from Flex Nails or any other Defendants in this action.

56.     Answering the allegations of paragraph 56, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 56 of the First Amended Complaint and accordingly deny the same. Further, Answering Defendants deny that they conspired with Flex Nails or any other Defendants in this action.

57.     Answering the allegations of paragraph 57, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein and thereby deny the allegations contained therein as to Answering Defendants.

# VI.    GENERAL ALLEGATIONS

## A.    HARMONY'S GELISH BRAND GEL POLISH

58.     Answering the allegations of paragraph 58, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 58 of the First Amended Complaint and accordingly deny the same.

59.     Answering the allegations of paragraph 59, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 59 of the First Amended Complaint and accordingly deny the same.

60.     Answering the allegations of paragraph 60, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 60 of the First Amended Complaint and accordingly deny the same.

61.     Answering the allegations of paragraph 61, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 61 of the First Amended Complaint and accordingly deny the same.

62.     Answering the allegations of paragraph 62, Answering Defendants admit to the extent that United States Patent and Trademark Office issued registration with the Registration Nos. 4,096,115 and 3,857,946. As to the remaining allegations of paragraph 62, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 62 of the First Amended Complaint and accordingly deny the same.

63.     Answering the allegations of paragraph 63, Answering Defendants admit to the extent that United States Patent and Trademark Office issued registration with the Registration Nos. 4,473,557 and 4,473,558. As to the remaining allegations of paragraph 63, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 63 of the First Amended Complaint and accordingly deny the same.

64.     Answering the allegations of paragraph 64, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph

64 of the First Amended Complaint and accordingly deny the same.

65.     Answering the allegations of paragraph 65, Answering Defendants lack knowledge or information sufficient to form a belief as to the factual allegations of Paragraph 65 of the First Amended Complaint and accordingly deny the same.

66.     Answering the allegations of paragraph 66, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 66 of the First Amended Complaint and accordingly deny the same.

67.     Answering the allegations of paragraph 67, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 67 of the First Amended Complaint and accordingly deny the same.

68.     Answering the allegations of paragraph 68, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 68 of the First Amended Complaint and accordingly deny the same.

69.     Answering the allegations of paragraph 69, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 69 of the First Amended Complaint and accordingly deny the same.

70.     Answering the allegations of paragraph 70, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 70 of the First Amended Complaint and accordingly deny the same.

71.     Answering the allegations of paragraph 71, Answering Defendants lack

knowledge or information sufficient to form a belief as to the allegations of Paragraph 71 of the First Amended Complaint and accordingly deny the same.

72.     Answering the allegations of paragraph 72, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 72 of the First Amended Complaint and accordingly deny the same.

73.     Answering the allegations of paragraph 73, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 73 of the First Amended Complaint and accordingly deny the same.

74.     Answering the allegations of paragraph 74, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 74 of the First Amended Complaint and accordingly deny the same.

75.     Answering the allegations of paragraph 75, Answering Defendants admit to the extent that the GELISH marks and bottles have never been assigned or licensed to the Answering Defendant. Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 75 of the First Amended Complaint and accordingly deny the same as applied to the other Defendants.

**B.     THE ANSWERING DEFENDANTS' COUNTERFEITING ACTIVITIES**

76.     Answering the allegations of paragraph 76, Answering Defendants deny

the allegations of paragraph 76 as to Answering Defendants.

77.     Answering the allegations of paragraph 77, Answering Defendants deny the allegations contained therein as to Answering Defendants.

78.     Answering the allegations of paragraph 78, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein and thereby deny the allegations contained therein as to Answering Defendants.

79.     Answering the allegations of paragraph 79, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 79 of the First Amended Complaint and accordingly deny the same.

80.     Answering the allegations of paragraph 80, Answering Defendants deny the allegations contained therein as to Answering Defendants.

81.     Answering the allegations of paragraph 81, Answering Defendants deny the allegations contained therein as to Answering Defendants.

82.     Answering the allegations of paragraph 82, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Further, as to the remaining allegations, Answering Defendants lack knowledge or information sufficient to form a belief and accordingly deny the same.

83.     Answering the allegations of paragraph 83, Answering Defendants lack

knowledge or information sufficient to form a belief as to the allegations of Paragraph 83 of the First Amended Complaint and accordingly deny the same.

84.     Answering the allegations of paragraph 84, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 84 of the First Amended Complaint and accordingly deny the same.

85.     Answering the allegations of paragraph 85, Answering Defendants deny the allegations contained therein as to Answering Defendants.

86.     Answering the allegations of paragraph 86, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Further, as to the remaining allegations, Answering Defendants deny.

87.     Answering the allegations of paragraph 87, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Further, as to the remaining allegations, Answering Defendants deny.

88.     Answering the allegations of paragraph 88, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Further, as to the remaining allegations, Answering Defendants deny.

89.     Answering the allegations of paragraph 89, Answering Defendants deny

that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Further, as to the remaining allegations, Answering Defendants deny.

90.     Answering the allegations of paragraph 90, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Further, as to the remaining allegations, Answering Defendants deny.

91.     Answering the allegations of paragraph 91, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Further, as to the remaining allegations, Answering Defendants lack knowledge or information sufficient to form a belief and accordingly deny the same.

92.     Answering the allegations of paragraph 92, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 92 of the First Amended Complaint and accordingly deny the same .

93.     Answering the allegations of paragraph 93, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 93 of the First Amended Complaint and accordingly deny the same.

94.     Answering the allegations of paragraph 94, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any

knowledge of existence of any counterfeit merchandises alleged therein. As to any remaining allegations, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 94 of the First Amended Complaint and accordingly deny the same .

95.     Answering the allegations of paragraph 95, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 95 of the First Amended Complaint and accordingly deny the same.


# COUNT ONE

## (Against All Answering Defendants)

## TRADEMARK INFRINGEMENT AND COUNTERFEITING IN VIOLATION OF 15 U.S.C. §§ 1114, 1116(d)

96.     Answering Defendants incorporate by reference and re-allege the responses in paragraphs 1-95 above as if fully stated herein.

97.     Answering the allegations of paragraph 97, Answering Defendants deny the allegations contained therein as to Answering Defendants.

98.     Answering the allegations of paragraph 98, Answering Defendants deny the allegations contained therein as to Answering Defendants.

99.     Answering the allegations of paragraph 99, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any

knowledge of existence of any counterfeit merchandises alleged therein. Answering Defendants deny the remaining allegations contained therein as to Answering Defendants.

100.    Answering the allegations of paragraph 100, Answering Defendants deny the allegations contained therein as to Answering Defendants.

101.    Answering the allegations of paragraph 101, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Answering Defendants deny the remaining allegations contained therein as to Answering Defendants.

102.    Answering the allegations of paragraph 102, Answering Defendants deny the allegations contained therein as to Answering Defendants.

103.    Answering the allegations of paragraph 103, Answering Defendants deny the allegations contained therein as to Answering Defendants.

104.    Answering the allegations of paragraph 104, Answering Defendants deny the allegations contained therein as to Answering Defendants.

105.    Answering the allegations of paragraph 105, Answering Defendants deny the allegations contained therein as to Answering Defendants.

106.    Answering the allegations of paragraph 106, no response is required as paragraph 106 contains conclusions of law. To the extent that a response is required,

Answering Defendants deny the allegations contained therein as to Answering
Defendants.

## COUNT TWO

### (Against All Answering Defendants)

### FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTIONS, UNFAIR COMPETITION AND DILUTION UNDER 15 U.S.C. § 1125

107.   Answering Defendants incorporate by reference and re-allege the
responses in paragraph 1-107 above as if fully stated herein.

108.   Answering the allegations of paragraph 108, Answering Defendants deny
that they were engaged in any counterfeiting activities or sales of or have any
knowledge of existence of any counterfeit merchandises alleged therein. Answering
Defendants thereby deny the allegations contained therein as to Answering
Defendants.

109.   Answering the allegations of paragraph 109, Answering Defendants deny
that they were engaged in any counterfeiting activities or sales of or have any
knowledge of existence of any counterfeit merchandises alleged therein. Answering
Defendants thereby deny the allegations contained therein as to Answering
Defendants.

110.   Answering the allegations of paragraph 110, Answering Defendants deny
that they were engaged in any counterfeiting activities or sales of or have any

knowledge of existence of any counterfeit merchandises alleged therein. Answering Defendants thereby deny the remaining allegations contained therein as to Answering Defendants.

111.   Answering the allegations of paragraph 111, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Answering Defendants thereby deny the remaining allegations contained therein as to Answering Defendants.

112.   Answering the allegations of paragraph 112, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Answering Defendants thereby deny the remaining allegations contained therein as to Answering Defendants.

113.   Answering the allegations of paragraph 113, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Answering Defendants thereby deny the remaining allegations contained therein as to Answering Defendants.

114.   Answering the allegations of paragraph 114, paragraph 114 states legal conclusion, to which no response is required. To the extent a response is required,

Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 114 of the First Amended Complaint and accordingly deny the same.

115.   Answering the allegations of paragraph 115, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 115 of the First Amended Complaint and accordingly deny the same. Answering Defendants thereby deny the allegations contained therein as to Answering Defendants.

116.   Answering the allegations of paragraph 116, paragraph 116 states legal conclusion, to which no response is required. To the extent a response is required, Answering Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 116 of the First Amended Complaint and accordingly deny the same.

117.   Answering the allegations of paragraph 117, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Answering Defendants thereby deny the allegations contained therein as to Answering Defendants.

118.   Answering the allegations of paragraph 118, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any

knowledge of existence of any counterfeit merchandises alleged therein. Answering

Defendants thereby deny the allegations contained therein as to Answering

Defendants.

## COUNT THREE

### (Against all Answering Defendants)

### <u>UNFAIR COMPETITION</u>

119.   Answering Defendants incorporate by reference and re-allege the

responses in Paragraphs 1-118 above as if fully stated herein.

120.   Answering the allegations of paragraph 120, Answering Defendants deny

the allegations contained therein as to Answering Defendants.

121.   Answering the allegations of paragraph 121, Answering Defendants deny

the allegations contained therein as to Answering Defendants.

122.   Answering the allegations of paragraph 122, Answering Defendants deny

that they were engaged in any counterfeiting activities or sales of or have any

knowledge of existence of any counterfeit merchandises alleged therein. Answering

Defendants thereby deny the allegations contained therein as to Answering

Defendants.

123.   Answering the allegations of paragraph 123, Answering Defendants deny

that they were engaged in any counterfeiting activities or sales of or have any

knowledge of existence of any counterfeit merchandises alleged therein. Answering

Defendants thereby deny the allegations contained therein as to Answering Defendants.

124.   Answering the allegations of paragraph 124, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Answering Defendants thereby deny the allegations contained therein as to Answering Defendants.

125.   Answering the allegations of paragraph 125, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Answering Defendants thereby deny the allegations contained therein as to Answering Defendants.

126.   Answering the allegations of paragraph 126, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Answering Defendants thereby deny the allegations contained therein as to Answering Defendants.

## COUNT FOUR

### (Against all Answering Defendants)

### UNFAIR COMPETITION (BUS. & PROF. CODE §17200)

127.    Answering Defendants incorporate by reference and re-allege the responses in Paragraphs 1-126 above as if fully stated herein.

128.    Answering the allegations of paragraph 128, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Answering Defendants thereby deny the allegations contained therein as to Answering Defendants.

129.    Answering the allegations of paragraph 129, Answering Defendants deny the allegations contained therein as to Answering Defendants.

130.    Answering the allegations of paragraph 130, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Answering Defendants thereby deny the allegations contained therein as to Answering Defendants.

131.    Answering the allegations of paragraph 131, Answering Defendants deny that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Answering Defendants thereby deny the allegations contained therein as to Answering Defendants.

132.    Answering the allegations of paragraph 132, Answering Defendants deny

that they were engaged in any counterfeiting activities or sales of or have any knowledge of existence of any counterfeit merchandises alleged therein. Answering Defendants thereby deny the allegations contained therein as to Answering Defendants.

133.   Answering the allegations of paragraph 133, paragraph 133 is merely a prayer for relief, to which no response is required. To the extent a response is required, Answering Defendants deny the allegations contained therein as to Answering Defendants.

## COUNT FIVE

### (Against all Answering Defendants)

### RICO CONSPIRACY

134.   Answering Defendants incorporate by reference and re-allege the responses in Paragraphs 1-133 above as if fully stated herein.

135.   Answering the allegations of paragraph 136, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

136.   Answering the allegations of paragraph 136, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

137.   Answering the allegations of paragraph 137, Plaintiffs have dismissed

Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

138.   Answering the allegations of paragraph 138, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

139.   Answering the allegations of paragraph 139, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

140.   Answering the allegations of paragraph 140, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

141.   Answering the allegations of paragraph 141, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

142.   Answering the allegations of paragraph 142, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

143.   Answering the allegations of paragraph 143, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

144.    Answering the allegations of paragraph 144, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

145.    Answering the allegations of paragraph 145, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

146.    Answering the allegations of paragraph 146, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

147.    Answering the allegations of paragraph 147, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

148.    Answering the allegations of paragraph 148, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

149.    Answering the allegations of paragraph 149, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

150.    Answering the allegations of paragraph 150, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by

Answering Defendants.

151.   Answering the allegations of paragraph 151, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

152.   Answering the allegations of paragraph 152, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

153.   Answering the allegations of paragraph 153, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

154.   Answering the allegations of paragraph 154, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

155.   Answering the allegations of paragraph 155, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

156.   Answering the allegations of paragraph 156, Plaintiffs have dismissed Count Five against Answering Defendants, and as such no response is required by Answering Defendants.

157.   Answering Defendants deny each and every allegation contained within

1

the prayer for relief as to Answering Defendants. Answering Defendants deny that

2

Plaintiffs are entitled to any of the requested relief contained therein.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **AFFIRMATIVE DEFENSES**

Answering Defendants hereby asserts and interposes the following affirmative

defenses to the claims contained in the First Amended Complaint:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

[FRCP 8(c)]

1. The First Amended Complaint and each and every allegation contained

therein fails to state any claim on which relief may be granted against the answering

Answering Defendants.

### SECOND AFFIRMATIVE DEFENSE

(Failure to Join Indispensable Parties)

2.      Answering Defendants are informed and believe and on that basis allege

that the First Amended Complaint, and each and every purported claim for relief

thereof, is barred (in whole or in part) because Plaintiffs has failed to name as

Defendants parties necessary for a full and complete adjudication of its claims,

including without limitation as required by Rule 19 of the Federal Rules of Civil

Procedure with a reasonable opportunity for investigation or discovery being likely to

provide evidentiary support.

THIRD AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

3.      If Plaintiffs suffered any damages, which Answering Defendants deny, Answering Defendants are informed and believe and on that basis allege that Plaintiffs failed to discharge its duty to mitigate damages for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support; and any damages awarded to Plaintiffs should be reduced accordingly.

FOURTH AFFIRMATIVE DEFENSE

(Unclean hands)

[FRCP 8(c)]

4.      Answering Defendants are informed and believe and on that basis allege that the First Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because of Plaintiffs' unclean hands for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

[FRCP 8(c)]

5.      Plaintiffs are estopped from seeking recovery for lack of response and lack of policing their rights.

## SIXTH AFFIRMATIVE DEFENSE

(Laches)

[FRCP 8(c)]

6.      Plaintiffs are barred by laches from recovery in this action.

## SEVENTH AFFIRMATIVE DEFENSE

(Waiver)

7.      Plaintiffs' claims are barred by waiver.

## EIGHTH AFFIRMATIVE DEFENSE

(No Similarities between Marks)

8.      The First Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Answering Defendants has not infringed and is not liable for the infringement of the purported trademark that Plaintiffs asserts in this action, among other things, because there is no substantial similarity between any purportedly infringing products and Plaintiffs' purported trademarked work or works, and in particular no substantial similarity with respect to any purported constituent original and protectable elements of Plaintiffs' purported trademarked work or works.

## NINTH AFFIRMATIVE DEFENSE

(No Copying)

9.      The First Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Answering Defendants has not infringed and is not liable for the infringement of the purported trademark or trademarks that Plaintiffs asserts in this action, among other things, because Answering Defendants are informed and believe and on that basis allege that any purportedly infringing products have not copied any purported constituent original and protectable elements of Plaintiffs' purported trademarked work or works, with a reasonable opportunity for investigation or discovery being likely to provide evidentiary support.

## TENTH AFFIRMATIVE DEFENSE

(Invalid Trademark)

10.      Answering Defendants are informed and believe and on that basis allege that the First Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because the purported trademark that Plaintiffs asserts in this action is invalid, void, or unenforceable.

## ELEVENTH AFFIRMATIVE DEFENSE

(Fraud on USPTO)

11.      Answering Defendants are informed and believe and on that basis allege that the First Amended Complaint, and each and every purported claim for relief

thereof, is barred (in whole or in part) by Plaintiffs' fraud or deception in the trademark registration process for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## TWELFTH AFFIRMATIVE DEFENSE

### (Misuse of Trademark)

12.   Answering Defendants are informed and believe and on that basis allege that the First Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) by Plaintiffs' misuse of the purported trademark or trademarks for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unfair Competition by Plaintiffs)

13.   Answering Defendants are informed and believe and on that basis allege that the First Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) by Plaintiffs' anticompetitive actions in violation of the Sherman Act, the Clayton Act, or the Cartwright Act for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Notify)

14.     Answering Defendants are informed and believe and on that basis allege that the First Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Plaintiffs failed to properly mark its alleged trademarked material and to give Answering Defendants proper notice of its claimed trademark for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (License to Use)

15.     Answering Defendants are informed and believe and on that basis allege that the First Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Plaintiffs, through its conduct, statement, actions, or omissions, impliedly granted Answering Defendants, other Answering Defendants in this action, or non-parties to this action an license to hold, use, reproduce, distribute, or sell the materials, works, designs, or products against which Plaintiffs asserts its purported trademark or trademarks in this action with a reasonable opportunity for investigation or discovery being likely to provide evidentiary support.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Secondary Meaning)

16.     Answering Defendants are informed and believe and on that basis allege

that the First Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) because Plaintiffs' purported marks are not protectable trademarks because they did not attain secondary meaning.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Damages)

17. Answering Defendants are informed and believe and on that basis allege that the First Amended Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) is barred because Plaintiffs has sustained no loss or damages for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Causation)

18. If Plaintiffs suffered any damages, which Answering Defendants deny, Answering Defendants are informed and believe and on that basis allege that Plaintiffs' damages were not proximately caused by any acts or omissions (wrongful or otherwise) of Answering Defendants for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Act of Third Parties)

19. If Plaintiffs suffered any damages, which Answering Defendants deny,

Answering Defendants are informed and believes and on that basis allege that that individuals or entities other than Plaintiffs were careless and negligent in and about the matters alleged in the First Amended Complaint and that this carelessness and negligence proximately contributed to or caused any purported damages to Plaintiffs with a reasonable opportunity for investigation or discovery being likely to provide evidentiary support; and should Plaintiffs recover any damages, Answering Defendants are entitled to have the damages reduced or eliminated to the extent that third parties contributed to or caused the damages.

<u>TWENTIETH AFFIRMATIVE DEFENSE</u>

(Good Faith)

20.    If Plaintiffs suffered any damages, which Answering Defendants deny, Answering Defendants acted in good faith, innocent of any knowledge or intent to infringe Plaintiffs' rights or cause damage to Plaintiffs; and if such good faith and lack of intent does not preclude liability, any general or statutory damages awarded to Plaintiffs should be reduced accordingly.

<u>TWENTY-FIRST AFFIRMATIVE DEFENSE</u>

(No Likelihood of Confusion)

21.    Plaintiffs' First Amended Complaint and the entire claims therein are barred for there is no likelihood of confusion between Plaintiffs' trademarks and the marks used by Defendants, if any.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Fair Use)

22.     Plaintiffs' First Amended Complaint and the entire claims therein are barred under the doctrine of fair use by Answering Defendants.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Nominative Use)

23.     Plaintiffs' First Amended Complaint and the entire claims therein are barred under the doctrine of nominative use by Answering Defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Innocent Infringement)

24.     Plaintiffs' First Amended Complaint and the entire claims therein are barred because any infringement, if any, was innocent.

## TWENTY-FIFITH AFFIRMATIVE DEFENSE

(Lack of Irreparable Harm)

25.     Plaintiffs' claims for injunctive relief are barred because Plaintiffs cannot show that it will suffer any irreparable harm from Answering Defendants' action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Adequacy of Remedy at Law)

26.     The alleged harms or injury suffered by Plaintiffs, if any, would be adequately compensated by damages. Accordingly, Plaintiffs have a complete and

adequate remedy at law and is not entitled to equitable relief.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Reservation of Right to Assert Additional Defenses)

27.    Answering Defendants reserve the right to assert additional defenses

based on information learned or obtained during discovery.

WHEREFORE, Answering Defendants VAL USA MANUFACTURER, INC.

and IRIS ZHEN therefore pray for relief as follows:

1.    That Plaintiffs take nothing by way of the First Amended
Complaint;

2.    That Plaintiffs' First Amended Complaint be dismissed with
prejudice;

3.    That judgment be entered in favor of Answering Defendants;

4.    That Answering Defendants be awarded all available costs of suit
incurred in this action, including attorneys' fees; and

5.    For such other relief as is appropriate.

**COUNTERCLAIMS**

VAL USA Manufacturer, Inc. ("Counterclaimant" or "VAL") brings these

counterclaims against Hand & Nail Harmony, Inc. and Nail Alliance, LLC

("Counter-Defendants," collectively) and alleges as follows:

## INTRODUCTION

1.      Counter-Defendants, competitors of Counterclaimant in manufacturing nail care products, are engaged in unfair comeptition by sending letters directly to Counterclaimant's customers accusing them of trademark infringement without any actual evidence of such infringement, referring to a law suit, which may amount to a "sham," that has not been adjudicated yet, with the intent to harm Counterclaimant with their false, unsubstantiated, or unadjudicated claims; tortuously interfering with its business relations; and causing damages to the goodwill Counterclaimant worked and continues to work hard to develop in the trade, all to Counterclaimant's harms.

## JURISDICTION AND VENUE

2.      This Court has supplemental jurisdiction over the claims in this Counterclaims that arises under the statutory law of the State of California pursuant to 28 U.S.C. § 1367(a) and because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact of the operative complaint of this Action.

3.      This Court has personal jurisdiction over the Counter-Defendants because the Counter-Defendants reside in this district and/or by virtue of their having contacts sufficient to subject them to personal jurisdiction, including filing of the original complaint in this action. In addition, venue is proper in the Central District of

California pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

4.     Counterclaimant VAL is a corporation organized under the laws of California with its principal place of business in the City of Industry and is engaged in private label or OEM manufacturer of nail care products.

5.     Upon information and belief, Hand & Nail Harmony, Inc. ("HNH") is a corporation organized under the laws of California with its principal place of business in Brea, California and is also engaged in manufacturing nail care products under the brand GELISH®.

6.     Upon information and belief, Nail Alliance, LLC ("NAL") is a corporation organized under the laws of Delaware with its principal place of business in Gladstone, Missouri and owns and holds intellectual property rights used in the GELISH® brand products ("the Trademarks").

7.     Counterclaimant is presently unaware of the true names and capacities of Counter-Defendants sued as Roes 1 through 10, inclusive, and therefore sue those Counter-Defendants by such fictitious names. Counterclaimant will ask leave of this court to amend this complaint to show their true names and capacities when Counterclaimant ascertains them.  Upon information and belief, Roes 1 through 10 were responsible in some manner for the occurrences, acts, and omissions alleged,

and that Counterclaimant's damages were proximately caused by their conduct.

## FACTS COMMON TO ALL CLAIMS

8.     VAL is a private label and an OEM manufacturer of nail care products.

9.     On or about May 5, 2016, Counter-Defendants, through an undercover private investigator, who, upon information and belief, is paid by Counter-Defendants to name an infringer of the Trademarks, contacted VAL and Zhen in an attempt to induce VAL and Zhen into infringing Counter-Defendants and/or admitting infringement of Counter-Defendants' purported trademarks and trade dress.

10.    When requested by Counter-Defendants through the private investigator to infringe Counter-Defendants' purported trademarks and trade dress, VAL and every employee for VAL contacted by the private investigator, including Iris Zhen, refused each and every request by the private investigator to infringe Counter-Defendants' purported trademarks and trade dress. *See, generally, Exhibit A, Declaration by Iris Zhen.*

11.    Counter-Defendants, prior to filing the instant lawsuit, had knowledge through their undercover private investigator that Counterclaimant was an OEM manufacturer who did not infringe Counter-Defendants' purported trademarks and trade dress. Further, Counter-Defendants had actual knowledge that Counterclaimant refused to enter into a contract in producing and did not produce any infringing products for Counter-Defendants' investigator.

12.     Nevertheless, Counter-Defendants filed the instant complaint including all causes of action against Counterclaimant despite a lack of knowledge or any evidence at all that Counterclaimant had agreed to infringe or indeed infringed Counter-Defendants' purported trademarks and trade dress.

13.     Counter-Defendants knew that their allegations of infringement against VAL and Zhen were baseless at the time of the filing of their complaint, but proceeded with filing their complaint against Counterclaimant despite this knowledge that their allegations were baseless.

14.     Instead of being satisfied with bring this law suit, albeit wrongful and closely resembling, if not definite, a sham[1]; allowing Counterclaimant to defend the law suit; or waiting for the final judgment and say of the Court, Counter-Defendants took a step further prematurely, which resulted in harms to Counterclaimants.

15.     Particularly, on or about July 20, 2016, Counter-Defendants contacted Counterclaimant's distributors, vendors, and/or other business associates, alleging that Counterclaimant VAL was involved in counterfeiting activity.

16.     Counter-Defendants further alleged and/or implicated in their correspondence of July 20, 2016 that Counterclaimant had produced "counterfeit, knock-off and other spurious products attempting to tradeoff *[sic]* the goodwill and reputation" of Counter-Defendants' products.

---

[1] Counter-claimant reserve its right to amend its counterclaims to plead Sherman Act violations upon further discovery.

17.     Attached as Exhibit B is a true and correct copy of correspondence sent by Counter-Defendants to Counterclaimant's business associates on or about July 20, 2016 ("the July Correspondence").

18.     Counter-Defendants sent the July Correspondence to Counterclaimant's business associates, alleging infringement by Counterclaimant, despite Counter-Defendants' prior knowledge that Counterclaimant had refused to infringe Counter-Defendants' purported trademarks and the final judgment has not been rendered by the court.

19.     Counter-Defendants sent the July Correspondence to Counterclaimant's business associates despite a lack of any evidence at all that Counterclaimant had agreed to infringe or indeed infringed Counter-Defendants' purported trademarks and trade dress.

20.     Counter-Defendant's July Correspondence is an willful, malicious, intentional attempts by Counter-Defendants to interfere directly with the business relationships of Counterclaimant and to harm Counterclaimant's reputation, business, and goodwill.

21.     Defendants' contact with Plaintiff's business associates amount to ill-founded attempts to interfere with the business of parties who are making, using and selling legitimate products that have been wrongly accused.

22.     Counter-Defendants have thereby engaged in unlawful and unfair business practices as defined in the California Unfair Trade Practices Act, Sections 17200 et seq.

23.     Counterclaimant has been damaged as a direct and proximate result of Counter-Defendants actions because Counterclaimant has been falsely and maliciously accused of infringing Counter-Defendants' purported trademarks and trade dress, despite Counter-Defendants' prior knowledge that the facts and prevailing evidence show otherwise.

24.     Counter-Defendants' illegal actions amount to interference with Counterclaimant's legitimate business relationships.

## COUNT I

### (Tortious Interference with Business Relations)

Against All Counter-Defendants and Roes 1 through 10, inclusive

25.     Counterclaimant repeats and incorporates by this reference each and every allegation in the above paragraphs as though fully set forth herein.

26.     Counterclaimant had an economic relationship with its distributors, vendors, and it business associates that probably would have resulted in an economic benefit to Counterclaimant.

27.     Counter-Defendants knew of the relationship when they sent the July Correspondence.

28.    Counter-Defendants intended to disrupt the relationship for their own benefits.

29.    Counter-Defendants engaged in wrongful conduct by including statements in the July Correspondence that were premature at best and misrepresented and put Counterclaimant in false light at the time the July Correspondence was sent.

30.    As a result, the relationship was disrupted and Counterclaimant was harmed.

31.    Counter-Defendants' wrongful conduct was a substantial factor in causing harms to Counterclaimant.

32.    As a direct and proximate result of Counter-Defendants' conduct, Counterclaimant has been and will continue to be injured in its business and property.

33.    Counter-Defendants' unlawful conduct will continue unless enjoined and Counterclaimant has no adequate remedy at law for all the effects of such conduct, including the damages to the goodwill developed by Counterclaimant.

## COUNT II

**(Unfair Competition under CA Bus. & Prof. Code §17200 *et seq.*)**

Against All Counter-Defendants and Roes 1 through 10, inclusive

34.    Counterclaimant repeats and incorporates by this reference each and every allegation in the above paragraphs as though fully set forth herein.

35.     Counter-Defendants' wrongful conduct in tortuously interfering with Counterclaimant's business relations, to wit, by sending correspondence to third parties claiming that Counterclaimant is infringing the Trademarks prior to the final adjudication of this Court, is unlawful, unfair, or fraudulent and constitutes unfair competition within the meaning of California Business and Professions Code §17200 *et seq*.

36.     As a direct and proximate result of Counter-Defendants' conduct, Counterclaimant has been and will continue to be injured in its business and property.

37.     Counter-Defendants' unlawful conduct will continue unless enjoined and Counterclaimant has no adequate remedy at law for all the effects of such conduct, including the damages to the goodwill developed by VAL.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaimant prays:

1.     For an award of actual damages, where allowed, in an amount according to proof;

2.     For preliminary and permanent injunction restraining Counter-Defendants from their attempts to harm Counterclaimant's business, reputation and goodwill;

3.     For restitution as authorized by law;

4.     For prejudgment interest on Counterclaimant's damages;

5.     For attorneys' fees, costs, and expenses incurred in defending this action where authorized;

6.     For other and further relief as this Court may deem proper.

Dated: October 25, 2016                    D&R I.P. LAW FIRM, APLC


                                           s/Tony W. Wong/
                                           TONY W. WONG

                                           Attorneys for Answering Defendants
                                           VAL USA MANUFACTURER, INC.
                                           and IRIS ZHEN

1

2

## **DEMAND FOR JURY TRIAL**

3

    Answering Defendants VAL USA MANUFACTURER, INC. and IRIS

4

5

ZHEN hereby demand a jury trial on all issues triable as of right to a jury. FED. R.

6

CIV. P. 38(b).

7

8

Dated: October 25, 2016                  D&R I.P. LAW FIRM, APLC

9

10

                                    s/Tony W. Wong/

11

                                      TONY W. WONG

12

                                      Attorneys for Answering Defendants

13

                                      VAL USA MANUFACTURER, INC.
                                      and IRIS ZHEN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I am a citizen of the United States of America and I am employed in Alhambra, California. I am over the age of 18 and not a party to the within action. My business address is 388 E. Valley Blvd., Suite 223, Alhambra, California 91801. On the below execution date I served the within **VAL USA MANUFACTURER, INC. AND IRIS ZHEN'S FIRST AMENDED ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** to the parties or their counsel shown below:

| | |
|---|---|
| Todd Matthew Malynn<br>Adam Peter Daniels<br>Polsinelli LLP<br>2049 Century Park East Suite 2900<br>Los Angeles, CA 90067 | Roger J Buffington<br>Buffington Law Firm<br>2151 Michelson Drive, Suite 232<br>Irvine, CA 92612 |
| Curtis R Tingley<br>Kevin W Isaacson<br>Stephen Douglas Collins<br>Tingley Law Group PC<br>10 Almaden Boulevard Suite 430<br>San Jose, CA 95113 | Justin Ledden<br>Justin Ledden Attorney at Law<br>555 W 5th Street<br>31th Floor<br>Los Angeles, CA 90013 |
| Jason S Roberts<br>Grant Genovese and Baratta LLP<br>2030 Main Street Suite 1600<br>Irvine, CA 92614 | Jose Mariano Castillo<br>Jose M Castillo Law Offices<br>800 West 6th Street<br>Suite 900<br>Los Angeles, CA 90017-2704 |

X (BY ECF NOTIFICATION) I filed this document electronically with PACER/ECF and stated parties received notification by e-mail from the ECF filing system.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 25, 2016 at Alhambra, California.

_____s/Jeffrey Vien/_____
Jeffrey Vien