**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-0969-DOC (JEMx)                    Date:  December 9, 2016

Title: HAND & NAIL HARMONY, INC. ET AL. V. ABC NAILS & SPA PRODUCTS ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

| PROCEEDINGS (IN CHAMBERS): | ORDER GRANTING COUNTERDEFENDANTS' SPECIAL MOTION TO STRIKE AND DENYING AS MOOT MOTION TO DISMISS COUNTERCLAIM [111] |
|---|---|

Before the Court are Counterdefendants' Special Motion to Strike Counterclaim ("anti-SLAPP Motion") and Motion to Dismiss Counterclaim ("MTD") (Dkt. 111). The Court finds these matters appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After reviewing the moving papers and considering the parties' arguments, the Court GRANTS Counterdefendants' Special Motion to Strike and DENIES as moot the Motion to Dismiss.

**I.      Background and Procedural History**

The Court takes the following facts from the First Amended Complaint ("FAC") (Dkt. 25) and the First Amended Counterclaim ("FACC") (Dkt. 109).

Val USA Manufacturer, Inc. ("Val USA" or "Counterclaimant") is an original equipment manufacturer ("OEM") of nail care products. *See* FACC ¶ 1. Counterdefendants Hand & Nail Harmony, Inc. ("HNH") and Nail Alliance, LLC ("NAL") (collectively, "Counterdefendants") filed suit against Val USA and other

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-0969-DOC (DFMx)                                    Date: December 9, 2016
                                                                                                                                Page 2

defendants, alleging counterfeiting of Counterdefendants' GELISH products. *See generally* FAC. Specifically, Counterdefendants brought claims for (1) trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1116(d); (2) false designation of origin, false descriptions, unfair competition, and dilution under 15 U.S.C. § 1125; (3) unfair competition under Cal. Bus. & Prof. Code § 17200; and (4) RICO conspiracy. *See* FAC at 28–39.

On June 8, 2016, Counterdefendants filed a Renewed Ex Parte Application, asking for (1) entry of a temporary restraining order; (2) an order to show cause re: preliminary injunction; and (3) expedited discovery (Dkt. 15). On June 28, 2016, the Court issued a TRO that, inter alia, enjoined defendants from manufacturing and destroying products bearing GELISH marks, trade dress, or design and required defendants to turn over all counterfeit GELISH brand products. TRO at 15–16 (Dkt. 31). On July 18, 2016, the Court issued a preliminary injunction along the same lines. Prelim. Injunction at 17–18 (Dkt. 78).

Following the issuance of the preliminary injunction, Counterdefendants sent a letter ("July 20 Letter") informing members of the nail care industry of the preliminary injunction. FACC ¶ 15; Notice of Errata ("Zhen Declaration Attachment") Ex. B (Dkt. 120). Some of those contacted were business associates of Val USA. FACC ¶ 15.

On October 25, 2016, Val USA filed a First Amended Counterclaim ("FACC") against Plaintiffs for (1) tortious interference with business relations and (2) unfair competition in violation of California Business and Professions Code § 17200 *et seq.* ("UCL") (Dkt. 109). In the FACC, Val USA alleges that the July 20 Letter alleged that Val USA was involved in counterfeiting activity. FACC ¶ 15. Val USA further alleges that Counterdefendants' statements in the July 20 Letter were "premature at best" because a final judgment has not been issued in this case. *See* FACC ¶ 29.

Counterdefendants filed the instant anti-SLAPP Motion and MTD on November 8, 2016. Val USA filed its Response in Opposition on November 11, 2016 (Dkt. 117). Counterdefendants filed a Reply on November 28, 2016 (Dkt. 121).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-0969-DOC (DFMx)                                    Date: December 9, 2016
                                                                                                                                       Page 3

## II. Legal Standard

### A. Anti-SLAPP Motions

California law allows a party to file a "special motion to strike" strategic lawsuits against protected participation ("SLAPP"). Cal. Civ. Proc. Code § 425.16. Motions filed under this statute are referred to as "anti-SLAPP" motions. *See id.*

"In evaluating an anti-SLAPP motion, the trial court first decides whether the defendant has made a threshold showing that the challenged cause of action arises from protected activity." *Taheri Law Grp. v. Evans*, 160 Cal. App. 4th 482, 488 (2008). "If the trial court finds the defendant has made a threshold showing that a cause of action arises from protected activity, it must then decide whether the [claimant] has demonstrated a probability of prevailing on the claim." *Id.*

### B. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell A. Corp. v. Twombly*, 550 U.S. 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002). A court may treat such a document as "part of the complaint, and thus may assume that its contents are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-0969-DOC (DFMx)                      Date: December 9, 2016
                                                                                                               Page 4

true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### III. Discussion

The Court will first assess whether Val USA's claim stems from protected activity.

#### A. Protected Activity

For a suit to be a SLAPP suit, "the gravamen of the complaint" must be that the defendants acted wrongfully by engaging in protected activity. *Drell v. Cohen*, 232 Cal. App. 4th 24, 30 (2014).

The anti-SLAPP statute sets forth four types of protected activity as follows:

> [An] act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e) (internal quotation marks omitted).

In determining whether a cause of action arises from protected activity, "the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech." *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 896 (E.D. Cal. 2006) (quoting *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002) (emphasis in original)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-0969-DOC (DFMx)                      Date: December 9, 2016
                                                                                                                   Page 5

       A cause of action must arise from protected activity, not merely be triggered by it. *City of Cotati*, 29 Cal. 4th at 78. "The critical consideration" is whether Val USA's cause of action is based on protected activity by Counterdefendants. *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 597 (9th Cir. 2010). For example, the Ninth Circuit has held that anti-SLAPP motions may be brought where but for the defendant's protected activity, the plaintiff "would have no reason to sue." *Id.* at 598.

       Here, Val USA's counterclaim specifically alleges a cause of action based on Counterdefendants "sending letters" to Val USA's business associates that referenced the ongoing suit and implicated Val USA in trademark infringement. FACC ¶ 1. Specifically, the July 20 Letter reads in part: "A preliminary injunction was granted this week in a breakthrough case against Val USA Manufacturer, Inc., an OEM manufacturer, for counterfeiting nail products." FACC Ex. B.

       Counterdefendants argue that Val USA relies upon the lawsuit referenced in the July 20 Letter to form the basis of its cause of action. Mot. at 9. Filings with a court are protected activity. Cal. Civ. Proc. Code § 425.16(e)(1). However, a cause of action may refer to, and may depend on, protected conduct. *Old Republic Const. Program Grp. v. Boccardo Law Firm, Inc.*, 230 Cal. App. 4th 859, 869 (2014) (finding the cause of action does not arise from protected conduct referred to, and possibly depended on, where counterclaimant did not assert that anything was *wrongful* about the protected conduct). Unlike in *Old Republic*, Val USA suggests the mere filing of the original complaint in this suit is wrongful. *See, e.g.*, FACC ¶¶ 11–14. Val USA's initial Counterclaim arose expressly from the protected activity of filing with a court. Countercl. ¶ 27 ("Counterdefendants' filing of lawsuits . . . is a sham, and thus deceptive acts or practices in or affecting commerce."). However, the operative counterclaim arises largely from the July 20 Letter. FACC ¶ 29 (citing wrongful conduct as the sending of the July 20 Letter). Thus, the Court must consider whether the July 20 Letter was protected activity.

       Another category of protected activity is any statement made "in connection with" an issue under review or consideration by a governmental body. *See* Cal. Civ. Proc. Code § 425.16(e)(2). "[A] statement is 'in connection with' litigation . . . if it relates to the substantive issues in the litigation and is directed to persons having some interest in the litigation." *City of Costa Mesa v. D'Alessio Invs., LLC*, 214 Cal. App. 4th 358, 373 (2013). In determining whether § 425.16(e)(2) applies, the Court asks three questions: "(a) was there an 'issue under consideration or review by a legislative, executive, or judicial body'; (b) were the statements made 'in connection with' this issue; and (c) did the cause of action pleaded by [the defendant] 'arise from' the statement?" *Id.* at 372–73.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 16-0969-DOC (DFMx)                                          Date: December 9, 2016
                                                                                                                                                    Page 6

Here, the issue of alleged counterfeiting is under consideration before this Court. FAC ¶ 5. The July 20 Letter relates to the alleged counterfeiting. FACC ¶ 15–16, Ex. B. The July 20 Letter was directed to distributors, vendors, and business associates within the nail care industry. FACC ¶ 15. Val USA's cause of action arises from the July 20 Letter. Therefore, Val USA's FACC arises from protected activity.

### B.     Probability of Prevailing

The second prong of an anti-SLAPP motion is often referred to as the "minimal merit prong." *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, 143 F. Supp. 3d 982, 998 (N.D. Cal. 2015). An "anti-SLAPP motion should be granted when a [claimant] presents an insufficient legal basis for the claims or when no evidence of sufficient substantiality exists to support a judgment for the [claimant]." *Price*, 620 F.3d at 1000 (quoting *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 822 (1994), *as modified on denial of reh'g* (Sept. 15, 1994)). Reasonable probability "requires only a 'minimum level of legal sufficiency and triability.'" *Davis v. Elec. Arts Inc.*, 775 F.3d 1172, 1177 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1448 (2016).

"[T]he required probability that [the claimant] will prevail need not be high." *Id.* In determining the probability of success, the Court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." Cal. Civ. Proc. Code § 425.16(b)(2); *see Mindys Cosmetics*, 611 F.3d at 598.

"If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies." *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 983 (C.D. Cal. 1999).

Counterdefendants base their anti-SLAPP motion on Val USA's failure to state a claim. Mot. at 12–14. Moreover, Counterdefendants argue that the alleged wrongful conduct, namely the July 20 Letter, is privileged under California Civil Code § 47(c) and thus cannot form the basis for liability.

### 1.     Tortious Interference with Business Relations Claim

As a threshold matter, Val USA's claim for interference with "business relations" is suggestive of either an intentional interference with contract claim or an intentional interference with prospective economic advantage claim. As the FACC makes no mention of a contract, the Court analyzes this claim as the latter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-0969-DOC (DFMx)                          Date: December 9, 2016
                                                                                                               Page 7

> The elements of a cause of action for interference with prospective economic advantage are: (1) an economic relationship between the plaintiff and a third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) the defendant's intentional and wrongful conduct designed to interfere with or disrupt this relationship; (4) interference with or disruption of this relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's wrongful conduct.

*Sole Energy Co. v. Petrominerals Corp.*, 128 Cal. App. 4th 212, 241 (2005).

Counterdefendants argue that Val USA's claims fail because Val USA has not alleged facts supporting (1) Counterdefendants' knowledge of or intent to disrupt Val USA's business relations, (2) interference with Val USA's business relations, or (3) a causal link between wrongful conduct and an interference. Reply at 11–12.

### a. Economic Relationship

"Only plaintiffs that can demonstrate an economic relationship with a probable future economic benefit will be able to state a cause of action for this tort." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003). In alleging interference with business relations, Val USA cites relationships with its "distributors, vendors, and it[s] business associates." FACC ¶ 26. Specifically, Val USA cites LeChat Nail Care Products ("LeChat") as a third-party business associate. Declaration of Iris Zhen ("Zhen Decl.") ¶ 19 (Dkt. 118). Val USA does not indicate the nature of its relationship with LeChat. *See id.* ¶¶ 18–21. Yet, Val USA asserts that "[b]ecause LeChat has refused to continue to work with VAL, VAL has lost money that it should have earned." *Id.* ¶ 21. Without greater specificity, the Court has insufficient information to determine the probability of future economic benefit to Val USA arising from its relationship with LeChat.

### b. Counterdefendants' Knowledge of Relationship

Val USA alleges without specificity that Counterdefendants "knew of the relationship[s]" between Val USA and its business associates. FACC ¶ 27. In alleging Counterdefendants' knowledge of its business relationships, Val USA argues that Counterdefendants' knowledge is probable because "the nail products industry is a small

Case 8:16-cv-00969-DOC-JEM Document 124 Filed 12/09/16 Page 8 of 10 Page ID #:1334

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 16-0969-DOC (DFMx)                                                                            Date: December 9, 2016
                                                                                                                                                  Page 8

industry." Opp'n at 21. The FACC and supporting documents fail to allege facts to support Counterdefendants' knowledge of Val USA's business relationships, the second element of an intentional interference with a prospective economic advantage claim. *See name.space, Inc. v. Internet Corp. for Assigned Names & Numbers*, No. CV 12-8676 PA (PLAx), 2013 WL 2151478 (C.D. Cal. Mar. 4, 2013), *aff'd*, 795 F.3d 1124 (9th Cir. 2015) (finding conclusory allegations of the defendant's knowledge of the plaintiff's relationships do not satisfy the *Twombly* standard).

### c.      Counterdefendants' Intentional and Wrongful Conduct

"[T]o meet this element, a plaintiff must plead and prove that the defendant's acts are wrongful apart from the interference itself." *Korea Supply*, 29 Cal. 4th at 1154. According to Val USA, Counterdefendants' intentional and wrongful conduct includes contacting Val USA's business associates and alleging that Val USA was involved in counterfeiting activity. FACC ¶ 15. Val USA alleges that the conduct was wrongful because Counterdefendants' knew that Val USA had previously refused to infringe Counterdefendants' trademarks and because a final judgment has not been rendered. FACC ¶ 18. This is not convincing. There was apparently a single previous occasion where Val USA allegedly refused to counterfeit. FACC ¶ 10. Furthermore, rather than suggest the existence of a final order, the July 20 Letter reported the issuance of a preliminary injunction. *See* Zhen Decl. Attachment Ex. B. With these facts, Val USA fails to allege a wrongful act.

### d.      Interference with Relationship and Economic Harm Caused by Wrongful Conduct

A plaintiff must establish that the defendant's wrongful act was the moving or procuring cause of the interference and the harm. *See Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 391 (2004). In the FACC, Val USA avers that it "was harmed." FACC ¶ 30. Specifically, Val USA cites lost revenue from LeChat, an alleged recipient of the July 20 Letter, who no longer wants to do business with Val USA. Zhen Decl. ¶¶ 18–21. To support this claim, Val USA has provided a cropped screenshot of an email from Newton Luu of LeChat to Felix Tseng of Val USA. Notice of Errata ("Zhen Decl. Attachment") Ex. C (Dkt. 120). The image includes no date. The text of the email states that LeChat cannot cooperate with Val USA "at this time due to [Val USA] being sued by Nail Harmony for manufacturing counterfeit Gelish." Zhen Decl. Attachment Ex. C. The email indicates the lawsuit is the reason for a suspension in "cooperation." It does not mention or suggest awareness of the July 20 Letter. Accordingly, Val USA has failed to allege the economic harm was caused by the alleged wrongful conduct.

### e. Conclusion

Based on the forgoing, Val USA has presented insufficient evidence to support a judgment in its favor. Accordingly, the Court STRIKES Val USA's tortious interference with business relations cause of action.

### 2. UCL Claim

Counterdefendants argue that Val USA lacks standing to sue under the UCL and fails state a claim under the UCL. Mot at 14. To have standing to assert a UCL claim, a plaintiff must have "suffered injury in fact and . . . lost money or property as a result of the unfair competition." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203 (9th Cir. 2010).

Val USA alleges that Counterdefendants unfairly and tortuously interfered with Val USA's business relations, resulting in injury to "its business and property." FACC ¶¶ 35, 36. As with its tortious interference claim, Val USA alleges damage to its goodwill as an result of Counterdefendants' conduct. FACC ¶ 37. Specifically, the economic harm alleged is lost revenue resulting from LeChat's suspension of "cooperation" with Val USA. Zhen Decl. ¶¶ 18–21. However, as noted above, based upon Val USA's supporting materials, such loss is most likely attributable to the underlying lawsuit rather than the alleged wrongful conduct. Without lost money or property resulting from the alleged wrongful conduct, Val USA lacks standing to bring a UCL claim.

Therefore, the Court STRIKES Val USA's unfair competition cause of action. Because the Court finds Val USA has not sufficiently alleged standing to bring a UCL claim, the Court need not reach Counterdefendants' argument that Val USA failed to state a claim under the UCL.

## IV. Attorney's Fees

Counterdefendants request an award of attorney's fees. Mot. at 17. Attorney's fees are generally not recoverable unless such fees are authorized by an enforceable contract or applicable statute. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975). Prevailing counterdefendants on a special motion to strike are entitled to recover attorney's fees and costs. *See* Civ. Proc. Code § 425.16(c); *see also Pfeiffer Venice Props. v. Bernard*, 101 Cal. App. 4th 211, 215 (2002) ("[T]he award of attorney fees to a defendant who successfully brings a special motion to strike is not discretionary but mandatory."). Accordingly, Counterdefendants are entitled to an award of attorney's fees and costs in an amount to be determined according to evidence.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 16-0969-DOC (DFMx) | Date: December 9, 2016 |
| | Page 10 |

### V. Disposition

For the foregoing reasons, the Court GRANTS Counterdefendants' Special Motion to Strike. Because Counterdefendants prevail on their Motion to Strike, their Motion to Dismiss is moot. Accordingly, the Motion to Dismiss is DENIED AS MOOT.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                 Initials of Deputy Clerk: djg
CIVIL-GEN