Polsinelli LLP
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
310.556.1801

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

HAND & NAIL HARMONY, INC., a
California corporation, NAIL
ALLIANCE, LLC, a Delaware
corporation,

Plaintiffs,

v.

ABC NAIL AND SPA PRODUCTS, a
California business; CHAU THI NGOC
LE, a California resident; GEL NAIL
SUPPLY, LLC, a California business;
ANH Q. LE (a.k.a. Mimi), a California
citizen; VAL USA MANUFACTURER,
INC. (d.b.a. Val Gel Polish
Manufacturer), a California corporation;
IRIS ZHEN, a California resident; VIP
NAIL PRODUCTS, INC., a California
corporation; CINDY TRINH, a
California resident; LINDSIDE PHAM, a
California resident; V&V BEAUTY
SUPPLIES, a California business;
XUAN THI LAM, a California citizen;
KMB NAILS & BEAUTY PRODUCTS,
INC., a California corporation; CT
TRADING, INC., a California
corporation; JACKIE BEAUTY
SUPPLY, a California business; NAIL
MAXX PRODUCTS, INC., a California
corporation; KASHI BEAUTY SUPPLY,
a California business; NAILS LOUNGE,
LLC, a Nevada corporation; CALI
BEAUTY SUPPLY, INC. (d.b.a.,
CALNAILSUPPLY.COM), a California
corporation; BRYAN TRAN, a
California resident; TODAY NAILS

Case No. SACV16-00969
DOC(JEMx)

**~~PROPOSED~~ ORDER FOR
ENTRY OF PERMANENT
INJUNCTION AS TO
DEFENDANTS VAL USA
MANUFACTURER, INC. AND
IRIS ZHEN** [173]

~~PROPOSED~~ ORDER GRANTING PERMANENT INJUNCTION

55905118.2

1 | (a.k.a., Nails Today, LLC), a Nevada
Business; HAI T. NGUYEN, a Nevada
2 | resident; BAO TOAN LE (a.k.a, Toan), a
Nevada resident; DL BEAUTY
3 | SUPPLY, LLC (d.b.a., Hollywood
Beauty Supply), a Nevada corporation;
4 | DERICK Q. LUU (a.k.a., Tony), a
Nevada resident; DIRECT BEAUTY
5 | SUPPLY, LLC, a Nevada corporation;
RYAN DO (a.k.a., Jimmy), a Nevada
6 | resident; U.S. MAXIM NAIL SUPPLY
CORPORATION, a Texas business; U.S.
7 | MAXIM NAIL SUPPLY OUTLET,
INC., a Virginia business; QUALITY
8 | BEAUTY & NAILS SUPPLY, INC., a
Missouri business; A&A NAIL
9 | SUPPLY, INC., a Nebraska Business;
DANNY TRAN, a Nebraska resident;
10 | NAILMARK'S III, INC., a Florida
corporation; MT BEAUTY SUPPLY, a
11 | South Carolina business; JC SUPPLY,
INC., a Georgia business; KHUONG
12 | LIEN PHAN, a Georgia resident;
ABUBACAR NESSER (a.k.a., Tony), a
13 | Georgia resident; FLEX NAILS &
BEAUTY SUPPLY (a.k.a., Nail &
14 | Beauty Super Store), a Canadian
business; and DOES 1 through 100,
15 | inclusive,

16 |                     Defendants.

19   This matter is before the Court on the Joint Stipulation for Entry of Final

20 Judgment and Permanent Injunction against Defendants Val USA Manufacturer,

21 Inc., a/k/a Val Gel Polish Manufacture ("Val USA") and Iris Zhen ("Ms. Zhen")

22 (collectively "Defendants") and in favor of Plaintiffs Hand & Nail Harmony, Inc.

23 ("Harmony") and Nail Alliance, LLC ("Nail Alliance") (collectively, "Plaintiffs")

24 (the "Joint Stipulation").  Plaintiff Nail Alliance owns and holds certain intellectual

25 property rights used in connection with GELISH goods, including federal

26 trademarks for the GELISH brand.  (Compl. ¶¶ 7, 62-63.)  In particular, Nail

27 Alliance owns the rights to United States Trademark Registration Numbers

28 4,096,115 (GELISH standard character mark), 3,857,946 (GELISH Design plus

1   words), as well as the unique three-dimensional configuration and scrollwork

2   pattern, which is protected by United States Trademark Registration Numbers

3   4,473,557 and 4,473,558 (collectively, "GELISH marks"). (*See* Compl., Exs. 1–2.)

4   Harmony's GELISH brand bottle, as illustrated below in FIGURE 1, is protected as

5   a trade dress under both state and federal law ("GELISH brand bottle").

 

**FIGURE 1: GENUINE GELISH FOUNDATION & TOP COAT**

14        Pursuant to Federal Rule of Civil Procedure 54(b), having considered the

15   Joint Stipulation and any and all supporting papers, having heard any arguments of

16   counsel and expressly determined that there is no just reason for delay, and having

17   found good cause therefor,

18        **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that his

19   Court has jurisdiction over the parties to this Judgment pursuant to Code of Civ.

20   Proc. § 410.10, has jurisdiction over the subject matter hereof pursuant to 28 U.S.C.

21   §§ 1331 and 1338 (a)-(b) and 28 U.S.C. § 1367 (a) and, as such, has jurisdiction to

22   enter this Order of Permanent Injunction under Fed. R. Civ. Proc. 65.

23        **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Val

24   USA, and its agents, servants, employees, attorneys, and all persons in active

25   concert and participation with any of them who receive actual notice of this

26   Judgment by personal service or otherwise, without expressed written consent from

27   Plaintiffs, are permanently enjoined from, directly or indirectly, manufacturing,

28   purchasing, importing, advertising, promoting, offering to sell, selling, distributing,

transferring, concealing, or otherwise disposing of any products bearing any of the GELISH marks, the trade dress associated with the GELISH goods or the design of the GELISH brand bottle, or any confusingly similar mark or bottle, other than those actually manufactured or distributed by Plaintiffs; and from knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in this subparagraph.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Iris Zhen, and her agents, servants, employees, attorneys, and all persons in active concert and participation with Ms. Zhen who receive actual notice of this Judgment by personal service or otherwise, without expressed written consent from Plaintiffs, are permanently enjoined from, directly or indirectly, manufacturing, purchasing, importing, advertising, promoting, offering to sell, selling, distributing, transferring, concealing, or otherwise disposing of any products bearing any of the GELISH marks, the trade dress associated with the GELISH goods or the design of the GELISH bottle, above, or any confusingly similar mark or bottle, other than those actually manufactured or distributed by Plaintiffs; and from knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in this subparagraph.

**IT IS FURTHER ORDERED** that this Order of Permanent Injunction shall become effective as of its date of entry by the Court and shall be incorporated in whole into any Final Judgment in this matter entered by this Court.

**IT IS FURTHER ORDERED** that, pursuant to the Joint Stipulation, the Court shall retain jurisdiction over Defendants and their settlement with Plaintiffs to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the terms of their Confidential Settlement Agreement referenced in the Joint Stipulation and the provisions of this Order of Permanent Injunction pending a final judgment in this matter (after which

1 | the Final Judgment and Permanent Injunction against Defendants will be subject to
2 | standard or normal enforcement procedures under the federal rules).

3 |     **IT IS SO ORDERED**.

4 |
5 | Dated: February 21, 2017

UNITED STATES DISTRICT COURT JUDGE

DAVID O. CARTER

[PROPOSED] ORDER GRANTING PERMANENT INJUNCTION

55905118.2